IN THE MATTER OF THE PETITION OF THE LOCKPORT AND
BUFFALO RAILROAD COMPANY FOR THE APPOINTMENT
OF COMMISSIONERS TO SETTLE THE POINTS AND MANNER
OF CROSSING THE TRACKS OF THE NEW YORK CENTRAL
AND HUDSON RIVER RAILROAD COMPANY.

In proceedings under the railroad act (sub. 6., § 28, chap. 140, Laws of
1850), by one railroad corporation to acquire the right "to cross, inter-
sect, join and unite" its railroad with that of another corporation, the
petition should state that the petitioner is a corporation, that the route of
its road as laid down crosses the track of the other road, that it desires
to cross or intersect such road, and that "the two corporations cannot
agree upon the amount of compensation to be made therefor, or the
points and manner of such crossing and intersection." It is not neces-
sary to state the matters required by said act (§ 14) where the proceed-
ing is to acquire title to lands. The reference in said provision to the
provisions of the act in respect to acquiring title is simply to regulate
the mode of appointing commissioners.
Where the petition contains such unnecessary statements, and they are
put in issue by the answer, the issues thus formed are immaterial, and
may be disregarded by the court.
But, where the answer denies the allegations in the petition of a failure of
the two corporations to agree, the burden is upon the petitioner of
proving the facts thus put in issue; and without such proof the prayer
of the petition cannot be granted.
The petition in such proceedings stated that the petitioner desired to
"cross and intersect" the road of defendant, that it had applied in good
faith, but had been unable to agree upon the amount of compensation,
"or the points and manner of such crossing and intersection." The
answer denied that the petitioner had applied for the right "to inter-
sect or unite" with defendant's road; or had offered to negotiate,
attempted to agree as to compensation, or made any offer. The peti-
tioner on the hearing gave no proof of the facts so alleged; the defend-
ant offered to prove the allegations of its answer, which the court
refused to allow, and, upon the petition and answer, made an order
appointing commissioners. *Held*, error; that the averments of the
answer put in issue said allegations of the petition, as the petition
showed that the crossing required and contemplated was one on the
same level with defendant's road, *i. e.*, an intersection.

(Argued April 1, 1879; decided September 16, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, affirming an order

of Special Term, appointing commissioners in these pro-
ceedings.

The facts appear sufficiently in the opinion.

*Albert P. Laning*, for appellant.

*E. C. Sprague*, for respondent.

EARL, J. The respondent presented a petition, under
subdivision 6 of section 28 of chapter 140 of the Laws of
1850, to the Special Term of the Supreme Court for the
appointment of commissioners to settle the points and man-
ner of crossing the tracks of the appellant with its railroad.
The Special Term made an order appointing the commis-
sioners, which upon appeal to the General Term was affirmed.
This appeal was then taken to this court.

It is provided in subdivision six that every corporation
formed under the act shall have power " to cross, intersect,
join and unite its railroad with any other railroad before
constructed, at any point on its route, and upon the grounds
of such other railroad company, with the necessary turnouts,
sidings and switches, and other conveniences in furtherance
of the objects of its connections. And every company
whose railroad is or shall be hereafter intersected by any new
railroad, shall unite with the owners of such new railroad in
forming such intersections and connections, and grant the
facilities aforesaid ; and if the two corporations cannot agree
upon the amount of compensation to be made therefor, or the
points and manner of such crossings and connections, the
same shall be ascertained and determined by commissioners,
to be appointed by the court as is provided in this act in
respect to acquiring title to real estate."

The petition in this matter stated among other things the
following facts : That the petitioner is duly incorporated ;
that it intends to construct a railroad from Lockport to
Tonawanda ; that the amount of its capital has been sub-
scribed ; that it has surveyed the route of its road and

made a map or survey thereof, and has located its road according to such survey; that it has filed a certificate of such location and given fifteen days notice to all actual occupants of land over which such route is designated of the time and place of filing such map, and that its road is now located in accordance with such map; and that it requires the land particularly described owned by the appellant for crossing and intersecting appellant's railway. And then it is alleged in the petition that "it has been unable to acquire the title to the above described premises or the right to use or occupy the same or any part thereof, for the purpose of such crossing or connection as aforesaid, for the reason that the owners and occupants of same refuse to make any contract therefor with your petitioner, and that it has been unable to agree with the corporation owning or controlling said railroad as to the amount of compensation to be paid for the title to the said premises above described, or such qualified interest therein as will enable your petitioner to effect such crossing and connection, and the right to occupy the same for the purpose aforesaid; that your petitioner has in good faith endeavored to agree with the persons or owners interested therein, or having the charge and direction of said piece or parcel of land as to acquiring such right, title and easement, and as to the amount of such compensation; and further that it is the desire and intention of the Lockport and Buffalo Railway Company to cross and intersects its railroad with the railroad constructed, and in operation upon the said piece or parcel of land above described, by the said the New York Central and Hudson River Railroad Company, with the necessary convenience and facilities in furtherance of such crossing and intersection, that it in good faith has applied to the corporation owning or controlling said railroad, in respect to the said price of land above described, and the crossings and intersections designed to be made thereon, to unite with your petitioner in such crossings and intersections, and to grant the facilities requisite and necessary therefor, and that your petitioner and the railroad

corporations before-named cannot agree upon the amount of compensation to be made therefor or the points and manner of such crossing and intersection, or either of them ; that it has in good faith endeavored to agree with the owners and persons interested therein, or having the charge and direction of the same, as to the amount of such compensation, and the points and manner of such crossing and intersection."

Upon presentation of the petition, the appellant appeared and controverted certain of the facts alleged in the petition by answer duly verified, and asked that the prayer thereof be denied, for the following reasons : That the amount of capital stock required by law had not been subscribed ; that no map or survey designating the route of the proposed railroad had been made or filed as required by law ; that the pretended map or survey filed was insufficient ; that the lands sought to be taken have been acquired and are in actual use by the appellant as a portion of its road, and are not subject to appropriation by the petitioner, and that the petitioner does not require them ; and then it is further alleged that the petitioner has not applied to the repliant for the right to " intersect or unite " with its railroad, " and that it has made no application to this repliant for that purpose or offered to negotiate with it as to the points or manner of such connection or intersection, or attempted to agree as to the compensation therefor, or made any offer therefor ; that this repliant is ready and willing to negotiate with the petitioner for such purposes in good faith, and for the purposes of effecting a union and intersection with the proposed railroad of the petitioner, whenever it shall be thereunto requested by it, upon terms mutually advantageous to the operation of their respective railroads and the interest of the public."

The petitioner gave no proof of any of the facts alleged in the petition ; but the appellant offered to prove the facts alleged in its answer, which the court refused to allow. Thereupon the court, upon the petition and answer alone, made the order appointing commissioners which has been appealed from.

The petition unnecessarily contains all the matters which are required by section fourteen of the act to be stated in a petition where the proceeding is to acquire title to lands for the construction of the road; and some of the matters thus unnecessarily stated are put in issue by the answer. The issues thus formed were immaterial, and could be disregarded by the court at Special Term. The proceedings under section fourteen are taken when it is desired to acquire the exclusive title and use of lands. Proceedings under subdivision six of section twenty-eight do not divest title or confer any exclusive use of land taken. The petitioner would in no way use appellant's property, until its road was constructed and it commenced to run cars, which would be after it had acquired the title to the lands upon which its road was constructed and it had in other respects complied with the law. Hence there was not the same necessity for the simple right to cross or intersect a railroad to require all the formalities and conditions which are required before the title to land can be taken and exclusively appropriated for the construction of a road. If when the petitioner commences to run its cars, it cannot for any reason legally operate its road, the appellant will have ample remedy, by a, resort to the courts, to prevent any invasion of its rights. If the appellant had any objection to the route adopted by the petitioner for its road, its remedy was under section twenty-two of the act — a remedy which it resorted to and. in which it seems to have failed upon the merits.

The reference in the last clause of subdivision six to the provisions of the act in respect to acquiring title to real estate, is simply to regulate the mode of appointing the commissioners; that is, a petition must be presented to the court after notice, and then the proceeding is regulated by section fifteen.

What then must the petition state? Obviously that the petitioner is a corporation; that the route of its road as laid down by it crosses the other road; and that it desires to cross or intersect such road, specifying the place; and that

the two corporations " cannot agree upon the amount of compensation to be made therefor or the points and manner of such crossings and connections." . When the petition is presented to the court, under section fifteen the corporation whose road is to be crossed may appear and show cause against granting the prayer of the petition ; and for that purpose it may put in issue the facts properly stated in the petition, and may disprove them.

These necessary facts were all either not denied or substantially admitted in the answer, except the allegations as to the inability to agree. Those allegations were fully and specifically denied in the broadest terms. .

It is averred that the petitioner has not applied to the appellant for the right to " intersect or unite " with its railroad, or offered to negotiate with it as to the points or manner of such connection or intersection, or attempted to agree as to the compensation, and that the appellant is ready and willing to negotiate for such purposes in good faith. It is too technical to say that these averments do not put in issue the allegations of the petition upon the same subject. It is said that the denials in the answer are only to the effect of a failure to agree as to the *intersection* or *connection* with appellant's road, and that the allegation in the petition as to a *crossing* is not met. But it will be seen, by a reference to the language of the petition, that " crossing," " intersection " and " connection " are used as convertible terms ; and we have no reason to doubt that the appellant intended fairly to put in issue the allegations of the petition upon this subject.

Every intersection is a crossing ; but every crossing may not be an intersection. One railroad may cross another over or under it, but not on the same level ; and in such a case, there would strictly speaking be no intersection : (*People* v. *N. Y. C. R. R. Co.*, 25 Barb., 199; S. C., 13 N. Y., 78.) But here what the petitioner states in its petition as its desire, is a crossing and intersecting ; and it alleges that it attempted to agree upon these, thus showing that the crossing in this

case contemplated was one upon the same level as the road crossed — an intersection.

The issue thus formed may not be a very important one, but it is one which the appellant had the right to make. The petitioner had no right to resort to the court, until a failure to agree as to the matter specified. Such failure was a condition precedent to any standing in court; and there could be no failure or inability to agree, within the meaning of the statute, until some efforts to agree had in good faith been made.

When this answer was put in, the petitioner should either have withdrawn its petition, and then made efforts to agree with the appellant, or it should have been prepared to prove that such efforts had been made. Whether such efforts had been made and had failed, was peculiarly within its knowledge. It knew when and where and with which one of the numerous agents of the appellant such efforts had been made; and hence it was bound to prove the facts thus put in issue: (*Matter of N. Y. Central R. R. Co.*, 66 N. Y., 407.) Therefore even if the appellant had offered no proof, the prayer of this petition could not have been granted, without proof on the part of the petitioner. But the appellant offered to prove its averments upon this issue, and the offer was refused. In this there was error.

The orders of the Special and General Terms must be reversed, and the matter be remitted to the Special Term for hearing upon the issue above specified, costs to abide event.

The same order must be made upon the appeal of the Niagara Bridge and Canandaigua Railroad Company, and upon the appeal of the New York Central and Hudson River Railroad Company and the Buffalo and Niagara Falls Railroad Company — in two other cases submitted at the same time.

All concur, except ANDREWS, J., absent.

Ordered accordingly.