The Rochester Railway Company, Appellant, *v.* William H. Robinson, Respondent.

It is good pleading, under the Code of Civil Procedure, to state facts according to their legal effect, and where the fact to be stated is the result of other facts, the resultant facts, not those furnishing evidence thereof, should be stated.

Where a statute requires a statement in a pleading of certain facts, the existence of which is made a condition precedent to the relief sought, an allegation in the language of the statute is sufficient.

Upon an application by a railroad corporation for the appointment of commissioners to condemn lands for its corporate uses, the petition, following the language of the Code of Civil Procedure (§ 3360, subd. 7; see chap. 95, Laws of 1890), stated that "it is the intention of the plaintiff, in good faith, to complete the work or improvement for which the property is to be condemned; and that all the preliminary steps required by law have been taken to entitle him to institute the proceeding." It was objected that the petition did not state facts, but only legal conclusions of the petitioner, and was, therefore, insufficient to confer jurisdiction. This objection was sustained and the application denied. *Held*, error; that the proceeding being one regulated by statute, the petitioner had a right to adopt the language of the statute.

(Argued April 13, 1892; decided May 3, 1892.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made the first Tuesday

of June, 1891, which affirmed an order of Special Term, denying an application for the appointment of commissioners to condemn lands for railroad purposes, and dismissing the proceedings.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellant. The petition was not defective. (Code Civ. Pro. §§ 3357, 3384; Laws of 1884, chap. 252; *In re N. Y., W. S. & B. R. R. Co.*, 64 How. Pr. 216; *In re N. Y., L. & W. R. R. Co.*, 99 N. Y. 12; *Austin* v. *Goodrich*, 49 id. 266.) Even under general rules of pleading, without the aid of a statutory provision expressly declaring what should be sufficient, it has been held that statements of "resultant facts," even where such facts involve also a legal conclusion, are all that is required. (*Ford* v. *Babcock*, 2 Sandf. 518; *Cole* v. *Jessup*, 6 Seld. 96; *Schluter* v. *B. S. Bank*, 117 N. Y. 125; *Betts* v. *Bache*, 14 Abb. Pr. 279.)

*John Desmond* for respondent. The petition shows no facts entitling the plaintiff to invoke the power of eminent domain. (Code Civ. Pro. § 3359; Laws of 1884, chap. 252; *In re S. B. R. R. Co.*, 53 Hun, 131; Const. N. Y. art. 3, § 17.) The petition is defective in that it fails to state the objects and purposes of the incorporation of the petitioner. (Code Civ. Pro. § 3360; 96 N. Y. 351; *In re R. E. R. Co.*, 123 id. 351.) The petition is also defective in not stating the facts showing what has been done for the purpose of agreeing with the owner, the offer made to, and the sum demanded by the owner. (Code Civ. Pro. § 3360; *In re March*, 71 N. Y. 315; *M. E. R. Co.* v. *Dominick*, 27 N. Y. S. R. 576; *In re N. Y. C. R. R. Co.*, 36 Hun, 355.) This petition is also defective in simply stating that all of the preliminary steps required by law have been taken to entitle it to institute these proceedings. (23 Hun, 695; 71 N. Y. 318; *Austin* v. *Goodrich*, 49 id. 266; *In re Marsh*, 71 id. 315; *In re R. E. R. Co.*, 123 id. 351.) The foregoing points also show that the petition is defective in not stating the other facts required by its charter and the

act under which it is organized, so that the court can see that it has complied with the law in every respect. (*In re R. E. R. Co.*, 123 N. Y. 351; *State* v. *N. Y. & N. J. T. Co.*, 16 N. J. 188.) The order of the General Term is not appealable to this court for the reason that it is not final. (Code Civ. Pro. § 190; *Barker* v. *Cocks*, 50 N. Y. 689; *Ellwell* v. *Johnson*, 74 id. 80; *In re Latz*, 110 id. 661; *Roe* v. *Boyle*, 81 id. 305.)

Maynard, J. The plaintiff is a street surface railroad corporation and has authority, under the Railroad Law, to condemn real property for its corporate uses. The defendant is the owner of premises upon one of the streets in the city of Rochester, along which the plaintiff proposes to construct and maintain its roadway. For such a purpose it is necessary to have an easement upon defendant's property, and not being able to agree with him for its purchase, the plaintiff instituted this proceeding under the condemnation law by the presentation of a petition to the Monroe Special Term, August 25, 1890.

The proceeding was dismissed and the application for the appointment of commissioners of appraisal denied, upon the sole ground that the petition was fatally defective in not setting forth the facts showing that all the conditions precedent to be observed by the plaintiff before it can take property for a public use against the will of the owner, had been performed.

In this respect the averment in the petition is a literal compliance with the provisions of subdivision 7 of section 3360 of the Code.

It is objected to this form of pleading that it does not state facts, but only the legal conclusions of the pleader, and that it is, therefore, insufficient to confer jurisdiction upon the court to proceed with the matter and enter final judgment of condemnation. We do not think the objection is tenable. It is a sufficient answer to such a criticism that the whole proceeding is regulated by statute, and that upon this point the law has defined with precision and exactness the form and sub-

stance of the allegation required. The legislature does not seem to have left any room for doubt or construction upon the subject. The section begins with a declaration that the proceeding shall be initiated by the presentation of a petition, which shall set forth certain specified facts enumerated in subdivisions one to six inclusive, and wherever a general statement is regarded as insufficient, care has been taken to provide that facts shall be stated in detail, as where the name or place of residence of an owner cannot, after diligent inquiry, be ascertained, it may be so averred " with a specific statement of the extent of the inquiry which has been made." But when subdivision 7 is reached a marked change in the phraseology and grammatical construction of the section occurs. Instead of requiring specific facts to be stated it is provided that the petition shall contain : " A statement that it is the intention of the plaintiff, in good faith, to complete the work or improvement for which the property is to be condemned, and that all the preliminary steps required by law have been taken to entitle him to institute the proceeding."

This change is significant, and was evidently intentional, and we are not at liberty to import into the paragraph provisions and requirements which the framers of the law have purposely omitted from it. While the plaintiff might, if he should so elect, set forth the several acts done by him which constitute the preliminary steps referred to, yet he may adopt the language of the statute, and in the concise form there prescribed tender an issue to the defendant upon this branch of his case. The latter cannot be prejudiced by such a practice. What the law requires the plaintiff to do before the commencement of the proceeding is as well known to the one party as the other. If the defendant has knowledge that any preliminary step required has not been taken, he can, under section 3365, put the allegation in issue by a specific denial or by including it in a general denial of all the averments of the petition, or if he has no knowledge or information sufficient to form a belief upon the subject, by a denial in that form, and thus compel the plaintiff to make proof of compliance with all

the statutory requirements or fail in the proceeding. An allegation of this kind is not correctly described as a conclusion of law. It is the averment of a fact, one, it is true, which is a deduction from other facts known to the pleader to have an existence. It is what is aptly described as a resultant fact or a conclusion of fact, and it is such facts and not evidentiary facts, which should be alleged in a pleading. (*Badeau* v. *Niles*, 9 Abb. [N. C.] 48.)

A statement is not to be deemed any the less a statement of fact because its ascertainment may depend upon some principles of law applicable to various other facts and circumstances (*Prickhardt* v. *Robertson*, 4 Civ. Pro. Rep. 112), and it has always been held to be good pleading under the Code, to state facts according to their legal effect. (*Brown* v. *Champlin*, 66 N. Y. 214; *Thayer* v. *Gile*, 42 Hun, 268.)

" Pleadings are not now to be strictly construed against the pleader, and averments which sufficiently point out the nature of the pleader's claim, are sufficient, if under them, upon a trial of the issue, he would be entitled to give all the necessary evidence to establish his claim.' (*Berney* v. *Drexel*, 33 Hun, 34–37.) An allegation that due proceedings had been taken to establish a mechanics' lien, was held on demurrer to be good. (*McCorkle* v. *Herrmann*, 22 State Rep. 519.) In providing that the plaintiff may allege in this general way the performance of the necessary statutory conditions precedent, the legislature has not introduced a novel rule of pleading; it has simply followed a declared policy upon this general subject, which first appeared in section 162 of the Code of 1848 and was re-enacted as section 533 of the present Code.

It is there provided that in pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance, but the party may state generally that he duly performed all the conditions on his part, and if the allegation is controverted he must on the trial establish performance. The legislature evidently failed to discover any good reason why it would not be equally safe and proper to permit the performance of statutory conditions precedent to

be pleaded in the same way. A like rule has been adopted with reference to pleading a judgment, or other determination, of a court or officer of special jurisdiction. (Code, § 532.) It works no hardship to the defendant, but really affords him greater latitude of pleading, for if but a single step has been omitted, he can safely deny the general allegation and thus compel the plaintiff to make proof of performance of every essential condition.

These conclusions do not involve any relaxation of the rule of construction, which requires that statutes which seek to deprive the citizen of his property against his will shall be strictly construed. The law under consideration does not authorize the taking of the property of anyone. It merely prescribes the method of judicial procedure in those cases where by virtue of the provisions of some other law, the exercise of the right of eminent domain has been conferred for public purposes. It is to receive the same liberal construction as the other provisions of the Code, which regulate the practice in actions and proceedings in courts of justice, without regard to the magnitude or value of the property rights which may be involved. The plaintiff is not relieved of the necessity of making strict proof of its right to take the defendant's property, provided the allegations of the petition are controverted. If, upon the trial, it is unable to show that every preliminary step, which is of the substance of the proceeding, has not been taken, its effort to impose an additional burden upon the premises of the defendant will be defeated; but the question here is one of pleading and not of proofs.

The orders of the General and Special Terms should be reversed and the proceeding remitted to the Supreme Court for further proceedings upon the petition, without costs of the appeals in this court and the Supreme Court to either party as against the other.

All concur.

Ordered accordingly.