PER CURIAM.
The plaintiff, at a special term of this court held iii Broome county on the 29th day of October, 1895, upon the petition and notice of motion, a copy of which is contained in the papers submitted to us, moved for the condemnation of the lands described in said petition, and for the appointment of commissioners to ascertain and fix the compensation to be made therefor. The defendants appeared, and opposed said motion. No answer was served, nor does it appear on what grounds the defendants objected to the application. The petition was defective in not containing “ a statement that it is the intention of the plaintiff in good faith to complete the work or improvement for which the property is to be condemned,” as required by subdivision 7, § 3360, 'Code Civ. Proc. The allegation so omitted was material and necessary to be stated to entitle the plaintiff to the relief demanded. In Re Metropolitan Transit Co., 111 N. Y. 588; 20 St. Rep. 516, where a like application, under chapter 140, Laws 1850, was under consideration, it was held that, “ as a condition upon which the court could be asked to intervene in its favor to enable it to acquire lands and street rights, the company was obliged to show, under oath, that it is its intention "x" *' * in good faith to construct and finish a railroad from and to the places named * “ * in its articles of association.” See, also, Met. E. Railroad Co. v. Dominick, 44 St. Rep. 872; 8 Supp. 151; Rochester Railway Co. v. Robinson, 133 N. Y. 242; 44 St. Rep. 872. The petition being thus defective, and it appearing that the defendants ■objected to the granting of the application of plaintiff for the condemnation of the premises in question and the appointment of •commissioners to ascertain and fix the compensation to be made therefor, we are unable to determine that the court below was in •error in making the order from which the appeal is taken. If there had been no appearance by defendants, the court could properly have denied the application on the insufficient petition presented. The papers do not show that the defendants waived the objections to the defective petition on which the plaintiff moved. We are also of the opinion that under the provisions of the “ condemnation law,” where the petition on which the plaintiff moves *540 fails to comply with the provisions of section 3360 of the Code of Civil Procedure, the court may properly sustain oral objections to the granting of the application for condemnation and the appointment of commissioners. The view above taken renders it unnecessary for us to consider the other questions discussed by the-learned counsel for the respective parties.
The order should be affirmed, with costs and disbursements.