(119 App. Div. 500)

## HUNTON v. VILLAGE OF PEEKSKILL.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—INJURIES—COMPLAINT.

   Plaintiff, a child, alleged that defendant village had negligently piled earth from the street near a Gospel Mission building, extending from the entrance over the sidewalk, and had negligently placed on the pile a large open pipe; that plaintiff, while endeavoring to enter the building to attend a children's meeting, was by defendant's negligence violently thrown on the mound of earth and into the open pipe, which rolled with plaintiff's body into the gutter, and against the curb and a piece of loose flagging lying in the gutter, which had been negligently deposited there by defendant's officers and servants, by which acts plaintiff sustained severe personal injuries. The complaint also alleged negligence in leaving the mound of earth and pipe unguarded, that plaintiff was free from contributory negligence, and that due notice of his claim had been given to the city and his action brought within the statutory period. Held, that the complaint was not demurrable for want of facts.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1711–1716.]

   Jenks, J., dissenting.

Appeal from Westchester County Court.

Action by Roy M. Hunton, an infant, by his guardian ad litem, against the village of Peekskill. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

George C. Andrews, for appellant.
Leverett F. Crumb, for respondent.

WOODWARD, J.   The sole ground for the demurrer in this case was that the complaint did not state facts sufficient to constitute a cause of action.   The plaintiff, an infant and a resident of the village of Peekskill, which is a municipal corporation duly organized under the laws of the state, brings this action by his guardian ad litem, duly appointed.   At the corner of Hudson avenue and South street in said village stands the Gospel Mission Building, which was used at the times in question as a public place for religious worship.   About May 16, 1904, the said village, through its officers and servants, had negligently piled and deposited a large quantity of earth, several feet high, from the public street near said building, upon the entrance to and stoop of said building, and extending from the same over the public sidewalk to and into said South street, and had negligently placed upon said pile of earth a large open pipe.   The sixth paragraph of the complaint recites:

"That on the said 16th day of May, 1904, the plaintiff, for the purpose of attending a children's religious meeting service in the said Gospel Mission Building, and while lawfully and legally entering said premises of said Gospel Mission Building, was, by the negligence of the defendant, violently thrown upon said mound of earth, falling into said open pipe or tile, which said pipe or tile immediately rolled with the plaintiff's body into the gutter, and against the curbstone of said street, and against a piece of loose flagging lying in said gutter, which had been negligently deposited in said gutter by the officers, agents, or servants of defendant, prior to the time of said injuries, and all of which aforesaid acts on the part of the said village, its officers, agents, and servants, caused the said Roy M. Hunton to sustain severe and permanent personal injuries as follows," etc.

The plaintiff's injuries were caused by the negligence of the defendant in leaving such a mound of earth with the tile pipe on it in a public place and unguarded, and the plaintiff was free from contributory negligence.   He gave due notice, made proper claim, and brought action within the statutory period to recover damages in the sum of $2,000.

The facts stated, as well as those that can by reasonable and fair intendment be implied from them, are admitted by the demurrer. Marie v. Garrison, 83 N. Y. 14;  Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263.   As the Court of Appeals say, in Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 457, 51 N. E. 301:

"Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action.   Rochester Ry. Co. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008."

The general rule of municipal tort liability is stated in Williams on Municipal Liability for Tort, at page 17, as follows:

"It is the universal rule, therefore, that municipal corporations, although there be no statute expressly creating the liability, are bound to see that all purely ministerial and absolute duties undertaken by them are performed with reasonable care and prudence, and are responsible in damages for any failure so to perform them, to the same extent as a business corporation or a private individual would be in like circumstances"—citing innumerable authorities, among them many New York decisions.

Under the averments of the complaint the plaintiff would be entitled to give the necessary evidence to bring his case within the general rule.

The judgment sustaining the demurrer should therefore be reversed, with costs.   All concur, except JENKS, J., who dissents.

(119 App. Div. 638)

## ORENDORF v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   May 1, 1907.)

1. DEATH—LOSS RESULTING—EVIDENCE.

    2. TRIAL—ATTEMPTED WITHDRAWAL OF INSTRUCTIONS.

    3. SAME—ARGUMENT OF COUNSEL.

    For plaintiff's counsel, in an action for death caused by defendant's train, to assert and persist in repeating in his argument, after being warned by the court that his statements were unwarranted, that defendant's engineers and firemen were murderers, is error.

Appeal from Trial Term, Herkimer County.