In the Matter of the Application of BRONX PARKWAY COMMISSION, Respondent, to Acquire Title to Lands of FILOMENA CIPOLLA, Appellant, Impleaded with THE CITY OF NEW YORK and Others, Defendants.

First Department, March 9, 1917.

**Eminent domain — condemnation of lands for Bronx parkway — practice — failure of Commissioners to attempt to come to an agreement of purchase with an owner before instituting condemnation proceedings — service of offer immediately followed by condemnation proceedings.**

Where the Bronx Parkway Commission, pursuant to the requirements of the statute, agreed to pay a certain landowner $73,000 for lands to be taken if the agreement received the approval of the board of estimate and apportionment of the city of New York and the supervisors of Westchester county (which approvals the statute did not require the Commission to obtain), and thereafter, not having obtained an approval of the offer, served an offer to purchase the lands for $56,000 on the thirtieth day of December, and on the following day, December thirty-first, the Commission verified a petition for the condemnation of the land and served the same on the third day of January following (one of the intervening days being Sunday, and the other New Year's day), the Commission has failed to show that it has been unable to agree with the owner as to the amount of compensation, so as to authorize the condemnation proceedings, and a judgment of condemnation should be reversed.

Under the circumstances the alleged offer to purchase was perfunctory and not a genuine attempt to come to an agreement with the owner as required by the statute.

APPEAL by the defendant, Filomena Cipolla, from a judgment of the Supreme Court in favor of the petitioner, entered in the office of the clerk of the county of Bronx on the 7th day of July, 1916, adjudging condemnation upon the decision of the court after a trial at the Bronx Special Term.

*Edward H. Kelly*, for the appellant.

*Theodosius F. Stevens*, for the respondent.

DAVIS, J.:

The defendant Filomena Cipolla appeals from the decision and judgment of condemnation entered herein July 7, 1916.

In December, 1915, a proceeding was brought by the Bronx Parkway Commission pursuant to chapter 594 of the Laws of 1907, as amended by chapter 757 of the Laws of 1913, to acquire by condemnation for the purposes of a public park fifty-eight parcels of land situated along and near the Bronx river between Bronx park and the city line. Among these parcels was one owned by the defendant Filomena Cipolla. The proceeding was begun on January 3, 1916, by the service of a petition and notice upon the defendant Cipolla and the owners of the other parcels sought to be condemned. The defendant Cipolla served an answer on February 23, 1916. Thereafter on March 1, 1916, an order was made severing the proceeding as to Cipolla and her premises designated as sheet 2, parcel 12, on the revised map of the Commission. The issues raised by the petition and answer were tried on March 3, 1916, and on July 7, 1916, judgment was entered by the court at Special Term decreeing condemnation of the defendant's premises, appointing commissioners of appraisal and awarding costs to the petitioner against the defendant. It is from this judgment that the defendant appeals.

Section 11 of chapter 594 of the Laws of 1907 authorizes the petitioners to agree with the owner of any real estate necessary to be acquired as to the amount to be paid an owner as compensation for the taking of his real estate. Then section 13 provides: "In the event that the said Bronx Parkway Commission shall be unable to agree with the owners of lands described herein, or deemed necessary by said Commissioners,

* * *  the rights or interests in lands or easements so deemed necessary for the purposes of this act shall be acquired by condemnation proceedings instituted by said Bronx Parkway Commission, in the manner provided by the Code of Civil Procedure for the condemnation of real property for like purposes, and in the name of the Bronx Parkway Commission; and it shall thereupon be lawful for said Commissioners to apply to the Supreme Court in the county where such lands are located, for the appointment of commissioners of estimate and assessment   *   *   *."   (See, also, Laws of 1916, chap. 599, amdg. said § 13.)   The provision of the Code of Civil Procedure referred to in the act is section 3360, which provides that the proceeding shall be instituted by petition, which must allege among other things that the petitioner has been unable to agree with the owner of the property for its purchase " and the reason of such inability."   The petitioner here has alleged in its petition its inability to agree with the defendant as to the amount to be paid as compensation for the taking of her property, that it has made diligent efforts to do so, and, as a reason for this inability, it alleges that the owner is unwilling and refuses to sell the property for a reasonable and fair price. The defendant in her answer denied this allegation of the petition and set up as a separate defense that the parties were and are able to agree; that on January 11, 1915, they had actually agreed upon the sum of $73,000 as compensation to be paid her for her real estate; that she is ready, able and willing to convey and otherwise comply with all the terms and conditions on her part to be performed, but that the petitioner refuses to carry out its agreement or to make payment of said sum of $73,000, and she asks that the complaint be dismissed.

At the trial the petitioner called an employee of the Commission and proved through him that on December 30, 1915, he served on the defendant a written offer to purchase the real estate in question for $56,000 signed by the Commission and dated December 29, 1915.   The secretary of the Commission then testified that this offer to purchase was prepared under his supervision and that since the offer was served the Commission had received no word or information from the defendant that the price offered was acceptable to her.   The petitioner

offered no other evidence. The petition was dated and verified December 31, 1915 (the day after the service of the offer to purchase) and was served January 3, 1916. It thus appears that the offer to purchase was served on Thursday, December 30, 1915, the petition was verified on Friday, December 31, 1915, New Years day and Sunday followed, and the petition was served on Monday, the third of January. Taking these facts in connection with the other fact that the offer to purchase is entitled in this very proceeding, although verified two days before the petition was verified, the inference is justified that there was great haste to begin the proceeding, and slight inclination, if any, to make a genuine effort to come to an agreement as to the price and thus save the trouble and expense of a trial. As already stated, section 3360, subdivision 5, of the Code of Civil Procedure requires that the petitioner allege and prove inability to agree with an owner as a prerequisite to a judgment of condemnation, and section 13 of chapter 594 of the Laws of 1907, as amended, provides that only after the Commission has been unable to agree with the owner as to the amount of compensation shall condemnation proceedings be instituted. These provisions without doubt are matters of substance and must be complied with in good faith before the court can decree condemnation, and the burden is on the petitioner to show a compliance with the statutes in this respect. (*Matter of Marsh*, 71 N. Y. 318; *Matter of Lockport & Buffalo R. R. Co.*, 77 id. 557.) It seems to me that the serving of the offer to purchase in the circumstances here shown was altogether perfunctory and not a genuine attempt to come to an agreement with the owner.

It remains to inquire how the character of the offer to purchase is affected by previous negotiations between the parties. It appears from the cross-examination of plaintiff's witness, Downer, that on January 11, 1915, as the result of a year's negotiations the Commission and the owner came to an agreement to purchase for the sum of $73,000, subject, however, to the approval of the board of estimate and apportionment of the city of New York and the board of supervisors of Westchester county as to the price. The Commission had the power to make this agreement without reference to the approval of these

boards. The act of 1907 under which it was created gave the Commission exclusive power over the subject. Nevertheless the Commission chose to submit its judgment to be approved or overruled by these boards, and it would not be useful in this case to comment further on that action. On February 26, 1915, the board of estimate and apportionment upon the report of the comptroller omitted to approve the agreement, probably because the comptroller had reported that the price was excessive. Nothing was done by either party after the board of estimate and apportionment had failed to approve the price of $73,000 on February 26, 1915, until the following December thirtieth, when the offer to purchase for $56,000 was served upon the defendant. I think we ought not to regard this offer of $56,000 as the final step in a continuous negotiation, the result of proposals and counter-proposals, justifying the conclusion that the petitioner had been engaged in a *bona fide* effort to agree upon a price with the defendant and had failed because the defendant had not accepted it after three days, including New Year's day and Sunday. On the contrary, the offer of $56,000 should be considered by itself without reference to the negotiations which had been broken off nine months before. Regarded in this light I fail to see that the petitioner has shown that it made a genuine and *bona fide* attempt to agree with the owner. In January, 1915, the petitioner had the power to agree upon $73,000 as the price, and presumably that accorded with their honest judgment, and they were willing to pay that amount if they could get the approval, quite unnecessary, of the board of estimate and apportionment. It is more than likely that, in view of their opinion in January, 1915, as to the value of the land, by personal negotiation with the owner after the offer of $56,000 was served they could have met upon some middle ground and come to an agreement as to the price to be paid. But this course was not pursued. The offer was suddenly served after months of suspension of all negotiations and the owner given only three full days to consider it, two of which were *dies non.*

Under the circumstances I think the petitioner has failed to show that a *bona fide* effort to agree upon a price was made,.

and that the judgment should be reversed, with costs, and the petition dismissed, with costs, and all findings contrary to the views here expressed should be reversed and new findings made in accordance herewith.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment reversed, with costs, and petition dismissed, with costs. Order to be settled on notice.