CITY OF LONG BEACH, Respondent, v. LONG BEACH WATER COMPANY and Others, Appellants, Impleaded with Others.— Judgment reversed on the law and the facts, and a new trial directed, with costs to abide the event. The Condemnation Law* requires that a petition for condemnation shall set forth that the petitioner or plaintiff " has been unable to agree with the owner of the property for its purchase, and the reason of such inability." The requirement is jurisdictional, and is an issue to be disposed of. Such an allegation in the petition is a condition precedent, and there can be no failure or inability to agree, within the meaning of the statute, unless some effort to agree has been made in good faith. (*Matter of Lockport & Buffalo R. R. Co.,* 77 N. Y. 557, 563.) A perfunctory offer for the property, or one not genuine, or one made upon conditions that are oppressive, is not sufficient. (*Matter of Bronx Parkway Commission,* 176 App. Div. 717; *Matter of Lockport & Buffalo R. R. Co., supra; Matter of Marsh,* 71 N. Y. 315, 318.) In the petition in the proceeding at bar it appears that the offer of $13,000 for the standpipe and the site upon which it rests, which offer the owner has refused, was inseparably linked with the declaration that the remainder of the plant already belonged to the city by abandonment. The owner could not accept that offer except upon the concession that it had lost title to the distributing mains, which, as it claims, still belong to it. There was raised here a distinct issue of fact to be tried. The petition tenders the abandonment of the distribution mains, and this is denied by the answer. If on the trial the water company prevails on the issue of title to the distributing mains, the city should be allowed, if it so elects, to amend so as to ask condemnation of the mains at Long Beach and to remain in possession during the proceeding upon furnishing security as required by section 23 of the Condemnation Law. Section 24 of the Condemnation Law, before amendment, directed, as a condition to possession, where plaintiff was out of possession, that plaintiff deposit with the court the sum stated in the answer as the value of the property; but as amended in 1923 (Laws of 1923, chap. 246, in effect April 19, 1923) it gives the court the right to determine the amount of such deposit rather than arbitrarily to require a deposit of the sum pleaded in the answer. Under section 23 the plaintiff may give such security as the court may direct, or deposit such sum as it may direct, " to be held as security for the payment of the compensation which may be finally awarded." As the plaintiff

---

\* See § 4, subd. 5.— [REP.

is already in possession, section 23 of the Condemnation Law applies, rather than section 24. Upon the giving of the security required by section 23, the receiver's demand for possession, made in a separate proceeding, will be satisfied. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur. Settle order on notice.