NEW YORK TELEPHONE COMPANY and Another, Petitioners, *v.* JEFFERSON WOOD and Others, Defendants.

Supreme Court, Oswego County, November 10, 1931.

*Costello, Cooney & Fearon* [*George R. Fearon* of counsel], for the petitioners in each proceeding.

*Woods & Carberry* [*Frank Woods* of counsel], for the defendants in the first, second and third proceedings.

*Otto W. Iloff,* for the defendants in the fourth proceeding.

*Charles J. Yorky,* for the defendant in the fifth proceeding.

DOWLING, J. Petitioners seek to condemn an " easement, privilege and right of way " across the defendants' property for the purpose of completing the construction of an underground cable line from Syracuse to Watertown pursuant to section 27 of the Transportation Corporations Law and article 2 of the Condemnation Law of the State of New York, as amended.

The petition is in the usual form and complies with the require-- ments of section 4 of article 2 of the Condemnation Law.

The petition recites, among other requirements, that the public use requires that it acquire the rights of way in question, and that it has been unable to agree with the owners who have answered herein for the purchase of the requisite easements or rights of way, and has been unable to acquire the same because " the said owners have rejected several offers made by the petitioners for the purchase of the same and refused to name any price which is not exorbitant and which petitioners are justified in accepting for the easements or rights of way hereinbefore mentioned and described."

The defendants represented by Messrs. Woods & Carberry and and Mr. Iloff deny specifically these allegations of the petition and allege as affirmative defenses that petitioner, before the commencement of said proceedings, did not make a *bona fide* effort to purchase or acquire easements from them and that the value of the easements or rights of way sought to be condemned ranges from $2,500 to $3,000, and " that it is not necessary for the petitioners to use the lands of these defendants to construct, operate and maintain the proposed cable line mentioned in the petition, that the same could be constructed, operated and maintained on other lands where it will not so greatly damage the defendants' property and their rights and with the same advantage to the petitioners."

The defendant Frese, represented by Mr. Yorky, denies that public necessity requires that petitioner acquire said "·easement, privilege and right of way " across·her property, and that petitioner made a *bona fide* attempt to agree with her for the purchase of such " easement, privilege and right of way," prior to the institution of said proceeding. Defendant Frese pleads no affirmative defenses.

Petitioners contend that said answers present no issues for trial and that it is entitled to the usual judgment of condemnation on the face of the pleadings. I think otherwise.

Section 9 of article 2 of the Condemnation Law authorizes a defendant to enter a general or specific denial of each material allegation of the petition controverted by him, or of any knowledge or information thereof sufficient to form a belief, or a statement of any new matter constituting a defense to the proceeding. Section 11 of the same article provides the manner of the trial of issues raised by the petition and answer. Issues of both law and fact may be raised in condemnation proceedings by the interposition of a " sworn " answer. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381, 383; *Village of Babylon* v. *Bergen*, 68 Misc. 433, 436; *City of Syracuse* v. *Benedict*, 86 Hun, 343, 347.)

" Whether the public exigency requires the taking of private property for public use is a legislative question, the determination

of which by the Legislature is, generally speaking, final and conclusive. Whether the use for which such taking is authorized is a public use is a judicial question for the determination of the court." (*Matter of City of Rochester* v. *Holden*, 224 N. Y. 386, 390; *Matter of Niagara, Lockport & Ontario Power Co.*, 125 Misc. 269, 276, 277; *Matter of City of Utica* [*Land for Airport*], 134 id. 60, 64.) Defendants do not deny that public exigency requires the taking of private property for the purpose in question, nor that the use for which such taking is authorized is a public one. They do deny that it is reasonably necessary for the petitioner to appropriate their property in order to discharge its duty to the public in constructing the cable line in question. Such denial raises a question of fact. (*Matter of N. Y. & H. R. R. Co.* v. *Kip*, 46 N. Y. 546, 551, 552; *Rensselaer & Saratoga R. R. Co.* v. *Davis*, 43 id. 137, 144, 145; *Old Homestead Water Co.* v. *Treyz*, 202 App. Div. 98, 100.)

The defendants conceded upon the argument herein that the petitioner offered to them a dollar a rod for the proposed easements over their property and asked them to sign a written contract accordingly. They insist, however, that petitioner gave them no opportunity to negotiate in an attempt to agree upon a price prior to the commencement of these proceedings. Under the circumstances, a question of fact in this respect is presented also for trial. It is only after a petitioner " has been unable to agree with the owner as to the amount of compensation shall condemnation proceedings be instituted. These provisions, without doubt, are matters of substance and must be complied with in good faith before the court can decree condemnation and the burden is on the petitioner to show a compliance with the statute in this respect." This court, in the face of defendants' denials, cannot say now, as matter of law, that the offer of one dollar per rod was a *bona fide* offer, or that petitioner afforded defendants a reasonable opportunity to negotiate and agree upon a price. The facts will determine the good faith of such offer and the reasonableness of the opportunity afforded defendants to agree upon a price. (*Matter of Bronx Parkway Commission*, 176 App. Div. 717, 720.) " The requirement is jurisdictional, and is an issue to be disposed of. Such an allegation in the petition is a condition precedent, and there can be no failure or inability to agree, within the meaning of the statute, unless some effort to agree has been made in good faith. (*Matter of Lockport & Buffalo R. R. Co.*, 77 N. Y. 557, 563.) A perfunctory offer for the property, or one not genuine, or one made upon conditions that are oppressive, is not sufficient." (*City of Long Beach* v. *Long Beach Water Co.*, 209 App. Div. 902; *Hudson R. R. Dist.* v. *F., J. & G. R. R. Co.*, 249 N. Y. 445, 451; *Matter of*

*City of Syracuse,* 137 Misc. 632, 635; *City of Binghamton* v. *Buono,* 124 id. 203, 204, 205.)

The defense that petitioner could as well construct its line along the highway, where it has an existing line, or upon other lands, is not material. (*Kip* v. *N. Y. C. R. R. Co.,* 140 Misc. 62, 67.)

The prayer for judgment in condemnation is denied, and the issues raised by the answer are remitted to Special Term, or to a referee, as may be agreeable to the parties hereto, for trial.

Ordered accordingly.