SAMUEL W. HUROWITZ, INC., and Others, Respondents, v. ALEXANDER SELKIN and Others, Defendants, Impleaded with SAMUEL H. GOLDING, Appellant.

First Department, May 18, 1934.

*Joseph Glass* of counsel [*Leslie Kirsch* with him on the brief; *Glass & Lynch,* attorneys], for the appellant.

*M. Carl Levine,* for the respondents.

UNTERMYER, J. The complaint contains two causes of action by each of sixteen plaintiffs. Only sixteen of these causes of action, however, affect the defendant Golding, whose motion to dismiss the complaint as insufficient was denied, and these may be regarded as identical for the purposes of this appeal.

The plaintiffs are contractors who have performed work in the construction of the Bronx Hospital. Each plaintiff alleges in the complaint that the Bronx Hospital Association is an unincorporated association of more than seven members and that the individual defendants are members thereof; that before the plaintiffs performed work and furnished materials for the association in the construction of the Bronx Hospital, the individual defendants represented to them that the association " had raised and was in possession of sufficient funds to fully pay in cash all persons performing work on and furnishing materials for the erection of said building." It is alleged " that said representations were false and untrue and so known to be to said defendants, but the same were made with the intent and for the purpose of deceiving this plaintiff, and to induce it, in reliance thereon, to furnish materials and perform labor in and about the erection and construction of said Bronx Hospital building." It is also alleged that the plaintiff believed these representations to be true and relying thereon furnished labor and materials in the construction of the Bronx Hospital.

The complaint is challenged principally on the ground that although it alleges that the representations were " false " it does not allege in what respect and to what extent. But if the representations were false in such a particular or to such a degree that the plaintiff relied upon them, as it is alleged, and performed work which he would not have performed otherwise, then he is entitled to recover to the extent that he has been damaged by their falsity. The allegation that the representation was " false " is not a mere conclusion of law but is a statement of ultimate fact. (*Eppley* v. *Kennedy,* 198 N. Y. 349; *Thomas* v. *Beebe,* 25 id. 244.) " An allegation of this kind is not correctly described. as a conclusion of law. It is the averment of a fact, one, it is true, which is a deduction from other facts known to the pleader to have an existence. It is what is aptly described as a resultant fact or a conclusion of

fact, and it is such facts and not evidentiary facts, which should be alleged in a pleading." (*Rochester R. Co.* v. *Robinson*, 133 N. Y. 242.) (See, also, *California Packing Corp.* v. *Kelly Storage & Distributing Co.*, 228 N. Y. 49; *De Cordova* v. *Sanville*, 214 id. 662, revg. 165 App. Div. 128, on dissenting opinion below; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, at p. 131; *People ex rel. Crane* v. *Ryder*, 12 id. 433; *Thayer* v. *Gile*, 42 Hun, 268; *Moore* v. *McClure*, 8 id. 557; *Prickhardt* v. *Robertson*, 4 Civ. Proc. 112, at p. 117.) This rule of pleading is now incorporated in the Civil Practice Act (§ 241).

It is also argued that the representations cannot serve as the basis of an action for fraud because they are promissory in character. The representation that sufficient funds were in the possession of the association to fully pay in cash all persons performing work in the erection of the hospital building has direct relation to a then existing state of facts. (*Duncan* v. *Stoneham*, 253 N. Y. 183.) Such a representation, if made, would justify the plaintiff in believing that the cost of the hospital building had been ascertained and that the sum of money then in the possession of the association was at least equal to that cost. (See Williston Sales [2d ed.], §§ 628-a, 628-b; *Titus* v. *Poole*, 145 N. Y. 414, 425; *Jackson* v. *Foley*, 53 App. Div. 97; *Standard Oil Co. of N. Y.* v. *Back Bay Hotels Garage, Inc.*, 283 Mass. ——; 188 N. E. 619.)

Finally it is contended that the plaintiffs are not entitled to recover upon the theory of damages alleged in the complaint which is the amount unpaid upon the work. However, since the complaint alleges facts from which general damage can be inferred, it is not important that it does not demand damages in accordance with the correct rule of damages to be applied. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199; *Colrick* v. *Swinburne*, 105 id. 503; *Hayes* v. *Durham*, 194 App. Div. 848.) Here it is alleged that the representation that the association was in possession of sufficient funds to pay in full all persons performing work was false and that " by reason of the aforesaid " the plaintiff has been damaged to the extent of the balance remaining due.

The order appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant, appellant, to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant, appellant, to answer within twenty days from service of order upon payment of said costs.