## UNITED STATES v. GIDEION-ANDERSON CO. et al.

### No. 685.

District Court, E. D. Missouri, S. E. D.

Oct. 19, 1936.

L. John Weber, Asst. U. S. Atty., and John C. Dyott, Atty. for War Dept., both of St. Louis, Mo.

628

Oliver & Oliver, of Cape Girardeau, and N. F. Lamb, of Jonesboro, Ark., for defendants.

DAVIS, District Judge.

This is a condemnation suit instituted by the United States to acquire the flowage right over several tracts of land, including two parcels owned by defendant Singer Manufacturing Company.

The answer of this defendant puts in issue paragraph 12 of the plaintiff's petition, wherein averment is made that the parties have been unable to agree upon the compensation to be paid the owner of the property.

The matter now before the court is plaintiff's motions to strike out this portion of defendant's answer.

This defendant, by that part of the answer with which we are now concerned, alleges, in effect, that plaintiff is not entitled to maintain this action against this defendant because there was an agreement between the parties as to the compensation to be paid for the property sought. Defendant's position is well stated in its brief. It "challenges the jurisdiction of the Court to proceed with the condemnation of the easement sought over defendant's land for the reason that there has been no failure to agree upon compensation."

The answer sets out, in full, copies of two letters, addressed by an officer of the War Department to the defendant, making an offer for the flowage right over each of defendant's parcels of land. These letters bear the written acceptance by the defendant of the tendered offers. The letters above referred to contain a provision that "should this offer be accepted, friendly condemnation proceedings will be entered in Court, with the request that an agreed verdict be awarded in the amount of this offer."

■ The Flood Control Act, 33 U.S.C.A. § 702a et seq., provides that the Secretary of War may institute proceedings for the condemnation of land and rights of way. There is no requirement in the statute that a disagreement between the property owner and the government as to compensation shall be a prerequisite to the maintenance of a condemnation proceeding. The Flood Control Act governs proceedings of this nature to the exclusion of other state or federal enactments. United States v. Hess (C.C.A.) 71 F.(2d) 78.

■ This statute, creating the right to condemn, contains no provision that the parties must be unable to agree upon the value of the property taken before an action may be instituted or maintained. In the absence of such a provision of the statute, it is not necessary that there be allegation or proof to that effect. Lewis on Eminent Domain, § 498; City of Detroit v. Beecher, 75 Mich. 454, 42 N.W. 986, 4 L.R.A. 813; In re Independence Avenue Boulevard, 128 Mo. 272, 30 S.W. 773; Chicago & N. W. Ry. Co. v. Chicago, 148 Ill. 141, 35 N.E. 881. This is particularly true where the government, instead of a private corporation, seeks to exercise the right to condemn. In re Condemnations for Imp. of Rouge River (D.C.) 266 F. 105; United States v. Crary et al. (D.C.) 1 F.Supp. 406.

■ If inability to agree upon price is pleaded, as here, it is surplusage, and may be disregarded. The plaintiff may still maintain the case if all necessary allegations are made, and supported by admissions or other proof. There is no requirement that everything alleged must be proved. So plaintiff's case is not to be discontinued as to this defendant because it has alleged a disagreement as to compensation, and the defendant shows that there was an agreement. The tender of such proof in support of the answer does not constitute a defense.

■ The statute vests the Secretary of War with discretion to determine when proceedings are to be instituted to condemn easements and land in carrying out the flood control project. In determining whether the necessity exists to institute such proceedings, attention must be given to considerations other than the amount of compensation to be paid. The decision of the Secretary of War to institute this proceeding was a matter for that officer to determine, and it is not open to the court to say that he should have reached the conclusion that the suit was not necessary because compensation was not in dispute. The statute having given the Secretary of War the discretion to act, he alone is to determine whether the necessity therefor exists. In re Condemnations for Imp. of Rouge River, supra; Mullan v. United States, 140 U.S. 240, 11 S.Ct. 788, 35 L. Ed. 489.

■■ The offers made by a representative of the War Department and the acceptance thereof by the defendant are not merely agreements as to compensation.

They provide that, in a condemnation suit to be filed, the parties will request that a judgment be entered for the stipulated sum. The Flood Control Act (33 U.S.C.A. § 702d) provides that the value of the property to be taken shall, in proceedings to condemn, be ascertained by three commissioners, whose award, when confirmed by the court, shall be final. The purport of the agreements entered into by the parties to this proceeding was that the stipulated sums should be submitted to the commissioners and to the court for consideration. Offers to buy or sell, made in good faith, may be some evidence of value. The weight of such evidence is for the commissioners and the court. But in a condemnation proceeding the effort is to ascertain the fair value of the property to be taken, and on that issue the agreement of the parties has evidentiary value, but is not necessarily conclusive. Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809. That case, in our opinion, rules the question at issue against the defendant.

The defendant does not plead the alleged agreements in order to be permitted to offer proof thereof before commissioners or the court. That may be done before the commissioners without pleading, and before the court, if competent, upon exceptions to the award of the commissioners. The defendant's position here is that, on account of the agreements of the parties, the court is without jurisdiction to entertain the condemnation proceeding. We are unable to adopt that view.

The motions to strike out are sustained.