## UNITED STATES v. CERTAIN LANDS IN CITY OF JAMESTOWN, N. Y., et al.

### Civ. No. 458.

District Court, W. D. New York.

Sept. 3, 1940.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., for United States.

R...Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y., for petitioner.

Cheston A. Price, of Jamestown, N. Y., in pro. per.

KNIGHT, District Judge.

This is a proceeding to condemn certain lands as a site for a Post Office and Court House building. The defendants, Harry W. Price and John C. Price, filed an answer which raises only the question of damages. Defendant Cheston A. Price, appearing in person, in an answer for himself individually, purports to raise certain issues directed to the sufficiency of the petition. The Government moves to strike out alleged non-issuable allegations. These include all of those set forth in the said answer of this defendant, except the issue of damages. All of such alleged non-issuable matters are comprehended in the allegations (1) that the petition fails to state facts showing the necessity of the acquisition, (2) that the petition fails to set forth facts showing that plaintiff has been unable to agree with the owners of property for its purchase or reasons for such inability, and (3) denial that all the preliminary steps required by law have been taken by the petitioner.

Article I, Section 8, Par. 7 of the Constitution of the United States authorizes Congress to enact laws "To establish Post Offices and post Roads". As alleged in the petition, and not controverted by the answer, the petition is made in pursuance of the Third Deficiency Appropriation Act Fiscal Year 1937, 50 Stat. 755; the Federal Public Buildings Appropriation Act of 1938, 15 U.S.C.A. §§ 721–728 note, and the Reorganization Act of 1939, 53 Stat. 561, authorizing the acquisition when necessary, by condemnation, of sites for the construction of public buildings.

The Act of Congress approved August 1, 1888, c. 728, 40 U.S.C.A. §§ 257, 258, provided in part that where the Secretary of the Treasury or any other officer of the Government has been authorized to procure real estate for the erection of a public building he is authorized to acquire the same for the United States by condemnation whenever "in his opinion it is necessary or advantageous to the Government to do so". This Act also provided that jurisdiction of a condemnation proceeding should be in the United States Circuit or District Courts of the district where the real estate is located, and further

that it shall be the duty of the "Attorney General of the United States, upon every application of the Secretary of the Treasury, under this Act [this section and section 258 of this title], or such other officer, to cause proceedings to be commenced for condemnation".

The complaint alleges, and it is not controverted in the answer, that the District Attorney of this district, as directed by the Attorney General, commenced this proceeding at the request of the Secretary of the Treasury and the Federal Works Administrator. That the Congress had power to vest in the District Court the authority to entertain this proceeding and that the right of eminent domain exists in the Government, to acquire lands within the states when necessary for the enjoyment of the powers conferred upon the Government by the Constitution is beyond successful contradiction; Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449. The petition alleges, and it is not controverted by the answer, that "The Secretary of the Treasury and the Federal Works Administrator have found and determined that it is necessary and advantageous to acquire the lands" in question, and that "funds to purchase the same are available * * *". The question raised in this connection is that the petition does not state the facts showing the necessity of the acquisition. The statute, 40 U.S.C.A. § 258, provides, and this court has held in Re United States, 28 F.Supp. 758, that the practice and procedure in condemnation proceedings by the Federal Government follow the laws of the state in which the condemnation is brought. This statute and this construction are not to be construed however, as requiring the Federal Government to follow the construction of the state courts as to the sufficiency of a particular allegation where the federal law is that there need be no judicial determination of purely legislative questions. In case of intended public use the necessity or expediency of the taking are legislative questions. Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953; and the method of exercising law of eminent domain is also a legislative question; United States v. McIntosh, D.C., 2 F.Supp. 244; Secombe v. Milwaukee, etc., Railroad Co., 23 Wall. 108, 90 U.S. 108, 23 L.Ed. 67. The questions of the wisdom or feasibility of the project are not judicial; Atlantic

Coast Line R. Co. v. Town of Sebring, 5 Cir., 12 F.2d 679; United States v. Eighty Acres of Land, D.C., 26 F.Supp. 315; Campbell v. Chase National Bank, D.C., 5 F.Supp. 156, affirmed 2 Cir., 71 F.2d 669, 94 A.L.R. 708; Sears v. Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688. Irrespective of the right to a judicial determination of the necessity, it is to be borne in mind here that no issue as to it has been raised by the answer. Where, as here, legislative authority is given to an official to determine the necessity and he acts thereunder, there at least must be a presumption of the necessity. The Secretary of the Treasury here, as appears by the statutes and the uncontroverted allegations of the petition, was authorized to determine the necessity of the project and to institute the proceedings for condemnation.

It seems, therefore, that the motion to strike out the first allegations of the answer to the effect that the petition fails to state facts showing necessity of acquisition, must be granted.

What has been heretofore said with reference to the conformity with the procedure and practice of the state court with reference to the allegation of the necessity for acquisition, so far as the petition is concerned, is applicable to the second allegation of the answer as to the failure to state facts showing that the plaintiff has been unable to agree with the owners. The complaint alleges that "The Secretary of the Treasury and/or the Federal Works Administrator * * * have been unable to acquire said lands by agreement with the owners thereof at a reasonable price * * *". It seems to me that this allegation is sufficient, in this proceeding. The defendant cites numerous authorities in the State of New York specifically holding that in condemnation proceedings under the state law it is insufficient to allege that petitioner is unable to agree as to the purchase price, but that the petitioner must go further and state the reason and give facts showing the reason of the inability to agree, and that such failure in a petition is jurisdictional; In the Matter of Application of Isaac Marsh, etc., 71 N.Y. 315; New York Telephone Co. v. Wood, 145 Misc. 481, 259 N.Y.S. 365; In re Bronx Parkway Commission, 176 App.Div. 717, 163 N.Y.S. 882; Carmody's New York Practice, Vol. 8, Part 2, Sec. 1551. However, the Federal Act of August 1, 1888 provides that the con-

demnation may be brought by an officer "whenever in his opinion it is necessary or advantageous to the Government to do so". Conformity with the state procedure does not require in the case of federal condemnation of sites for public buildings that the officer authorized to institute condemnation shall state facts showing his inability to agree. Obviously there are certain conditions under which the exercise of this authority may be challenged, but such is not so where the issue raised goes only to the allegations of facts pertaining to the failure to agree; United States v. Gideion-Anderson Co., D.C., 16 F.Supp. 627; In re Secretary of the Treasury, C.C., 45 F. 396, 11 L.R.A. 275; United States v. Eighty Acres of Land, supra; In re Condemnations for Improvement of Rouge River, D.C., 266 F. 105; Shepard v. Adams, 168 U.S. 618, 18 S.Ct. 214, 42 L.Ed. 602.

The answer denies that all preliminary steps required by law have been taken. The New York Condemnation Act, Consol.Laws c. 73, Sec. 4, requires that the petition contain an allegation that these preliminary steps have been taken. The petition here alleges "that all the preliminary steps required by law have been taken, to entitle your petitioner to institute these proceedings". The New York authorities are in unity that this pleading is sufficient as such. Rochester Railroad Co. v. Robinson, 133 N.Y. 242, 30 N.E. 1008; Hurowitz, Inc. v. Selkin et al., 241 App. Div. 269, 271 N.Y.S. 576; Matter of Durey, 223 App.Div. 70, 227 N.Y.S. 580; Flood Abatement Commission v. Merritt, 94 Misc. 388, 158 N.Y.S. 289.

If an issue is raised by its denial, the question of what preliminary steps were taken would be for judicial determination. However, here it seems to me that the general denial does not raise the issue. Here, as seen, the proceedings required by law to be brought, the necessity of the project, the failure to effect an agreement for the purchase price, are not denied. The owners of the property in question have appeared and no question of the sufficiency of the service of process has been raised. All requisite steps have been taken. The only matter left for determination is the question of damages, as to which an issue is raised.

Sufficient has been said to show that it follows that the allegations of the answer that the petition fails to set forth facts to

750

show that any efforts have been made to purchase property in question, etc., and that the Secretary of the Treasury and the Federal Works Administrator have been "unable to acquire the lands in question by agreement" and to show the sufficiency of the petition, do not raise any material question.

Accordingly, the petitioner's motion to strike out all of the allegations of the answer of the defendant Cheston A. Price, as not raising any issue, save and except as to the denial of the truth of the allegations of the petition as to the value of the property, must be granted. United States v. Gideion-Anderson Co., D.C., 16 F.Supp. 627.

The brief of the defendant Cheston A. Price brings up the question as to whether Commissioners should be named from the city in which the site is located. While the reasons stated by the defendant against the selection of a Commission from that city are not sufficient to persuade the court that a fair Commission could not be so selected, it is thought that in view of this objection and the fact that question of numerous sites in that city have been considered and numerous properties acquired as a part of the site, it is only fair to select the majority of the Commission from outside of the City of Jamestown.

I have decided to name as this Commission, Nelson J. Palmer of Dunkirk; Leigh Kirkland of Fredonia and T. James Clarke of Jamestown.