(68 Misc. Rep. 433.)

### VILLAGE OF BABYLON v. BERGEN et al.

(Supreme Court, Special Term, Suffolk County. July 28, 1910.)

1. EMINENT DOMAIN (§ 198*)—CONDEMNATION PROCEEDINGS—MOTION TO DISMISS.

In a special proceeding by a municipal corporation to acquire title to property for a park, on the motion to dismiss the petition at the close of plaintiff's case, it is entitled to the benefit of every fact that can be found from the evidence, and to all inferences thereby warranted.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 198.*]

2. EMINENT DOMAIN (§ 195*)—CONDEMNATION PROCEEDINGS—ANSWER—ISSUES.

In condemnation proceedings, the answer may deny any or all of the allegations necessary to plaintiff's case under the Code, or may set up new matters constituting a defense, as provided by Code Civ. Proc. § 3365, and the issues thus raised, and only those, may be disposed of as provided by Code Civ. Proc. § 3367.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 195.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EMINENT DOMAIN (§ 191*)—CONDEMNATION PROCEEDINGS—DESCRIPTION OF PROPERTY.

In condemnation proceedings the plaintiff must describe the property specifically in his petition, and only such property described may be taken.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 191.*]

4. DEEDS (§ 117*)—CONVEYANCE—APPURTENANCES.

Land does not pass as an appurtenance to land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 336–341; Dec. Dig. § 117.*]

5. EMINENT DOMAIN (§ 138*)—CONDEMNATION PROCEEDINGS—DAMAGES AND VALUE OF PROPERTY.

In condemnation proceedings, if the property taken forms part of a tract, the defendants are entitled to recover before the commissioners the market value of the premises actually taken, and also any damages resulting to the portion not taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 370; Dec. Dig. § 138.*]

6. EMINENT DOMAIN (§ 198*)—CONDEMNATION PROCEEDINGS—WHAT PROPERTY IN CONTROVERSY—RIGHTS OF DEFENDANT.

In the preliminary suit in condemnation proceedings to determine whether title shall be acquired to property described in the petition as a margin of land entirely surrounding a pond, the question of the rights of defendants in the pond should not be considered, since the rules governing the construction of descriptions in grants of lands bordering on waters have no application to proceedings in invitum, where the petitioner's requirement is confined to the property specifically described and the right or interest definitely set forth.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 198.*]

7. EMINENT DOMAIN (§ 196*)—CONDEMNATION PROCEEDINGS—EVIDENCE—SUFFICIENCY.

In condemnation proceedings, the evidence *held* to show the necessity of the acquisition of the property for a public park.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 196.*]

8. EMINENT DOMAIN (§ 198*)—CONDEMNATION PROCEEDINGS—TITLE TO PROPERTY—TIME OF VESTING—PAYMENT OF APPRAISED VALUE.

In the preliminary inquiry in condemnation proceedings to determine whether title shall be acquired to the property, it is no defense to the petition that the sum provided for the purchase was inadequate, since the title to the property could not be vested in plaintiff except upon payment of the sum appraised as its value by the commissioners to be appointed after the right to take the property is determined, as provided by the Code.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 198.*]

Condemnation proceedings by the Village of Babylon against Jeannie McCue Bergen and others. On motion to dismiss the petition. Motion denied.

Haff & Farrington, for plaintiff.

James W. Prendergast (F. P. B. Sands, of counsel), for defendants Jeannie McCue Bergen and Heloise McCue Sands.

Le Roy M. Young, for defendant Leander W. T. Coleman.

W. G. Nicoll, for defendant J. C. Robbins, Sr.

STAPLETON, J. This is a special proceeding by a municipal corporation under title 1, c. 23, of the Code of Civil Procedure to acquire

title to certain property of the defendants for the purposes of a public park.

The particular motion presented for disposition is one to dismiss the petition at the close of the plaintiff's case. On this motion the plaintiff is entitled to the benefit of every fact that can be found from the evidence and to all inference thereby warranted. A concise history of the acts of the plaintiff concerning this enterprise is essential to a proper understanding of the questions of law involved. Pursuant to the provisions of section 169 of the village law (chapter 414, Laws 1897), the board of trustees of the village of Babylon submitted to a village election, held on the 17th day of March, 1908, a proposition to purchase land located in the village for a public park at an expense of $5,000 specified in the proposition, which sum did not exceed 1 per centum of the value of the taxable property of the village as it appeared by the last preceding assessment roll. The proposition was carried; the total number of votes cast being 159, 86 being cast in favor of the proposition, and 73 against it.

Asserting its inability to agree with the owners for the purchase of the property necessary for the improvement, the plaintiff, invoking the authority conferred by section 22 of the general municipal law (chapter 685, Laws 1892), instituted this proceeding by presenting a petition to this court on November 9, 1909. Sections 3559 and 3360, Code Civ. Proc.

The original petition was twice amended. Section 3368, and title 1, c. 8, Code Civ. Proc. The pleadings by which the issues are presented for trial are the second amended petition and the defendants' answers thereto. The answers contain many denials of material allegations in the petition and allege matter denominated as defenses, which is nothing more than the explicit statement of facts properly provable under the denials.

The substantial contention between the parties is that the defendants surmise a design on the part of the plaintiff to sport with their private rights and appropriate to itself land under a body of water, known as Lewis pond, which is in fact an arm of Sampawams creek, 2.67 acres in area and riparian rights and easements in Sampawams creek, ownership of which is claimed by the defendants in varying degrees.

They base their surmise on their claim of ownership and upon the conduct of the plaintiff in describing in the petition herein a margin of land entirely surrounding the pond and a strip of land adjacent to the creek making no reference therein to riparian rights or easements, and excluding the bed of the pond from the description. If this design attributed to the plaintiff were accomplishable under the law, it would not reveal a suspicious temperament to sympathize with the apprehensions of the defendants. An examination of the scope and consequences of this proceeding may allay the anxiety to which the defendants have been subjected.

Section 3360 of the Code of Civil Procedure enumerates all the facts which the plaintiff must allege and prove prerequisite to the appointment of commissioners.

The defendants by their answers may deny any or all of these allega-tions or set up new matter constituting a defense. Section 3365, Code Civ. Proc. If they do so, the issues thus raised, and only those, may be disposed of at a trial. Section 3367, Code Civ. Proc.

The proceeding is instituted on the assumption that the defendants have certain property rights to be condemned. The plaintiff is re-quired to describe them specifically. And the only property which can lawfully be taken is the precise property designated in the petition. It is a familiar principle that land does not pass as an appurtenance to land. If the property proposed to be taken forms part of a tract, the defendants are entitled to recover before the commissioners the market value of the premises actually taken, and also any damages resulting to the portion of their premises not taken. For the purpose of as-certaining the damage to the remainder of defendants' property, title to the bed of the pond and riparian rights in the creek may be proved before the commissioners; whereas, proof of ownership is absolutely irrelevant in this preliminary proceeding. City of Geneva v. Henson, 195 N. Y. 447, 88 N. E. 1104; Bell Telephone Co. v. Parker, 187 N. Y. 299, 79 N. E. 1008; South Buffalo Railway Company v. Kirkover, 175 N. Y. 301, 68 N. E. 366.

It is unnecessary therefore at this stage to consider the rights which the defendants have in pond or creek founded on presumptions growing out of the character and situation of connected land and water, as no lawful attempt to take the pond or extinguish the rights in the creek is made under the description in the petition. The rules governing the construction of descriptions in grants of lands bordering on waters have no application to proceedings in invitum, where the petitioner's acquirement is confined to the property specifically described and the right or interest definitely set forth.

There is evidence to sustain the jurisdictional facts in the plaintiff's petition which were denied by the answers of the defendants, and par-ticular reference need only be made to those which were sharply con-tested other than the description of the property to be condemned which has already been considered and discussed.

I am satisfied that there is sufficient evidence of facts showing the necessity of the acquisition of the property for a public park. The sit-uation of the neighborhood in which the land sought to be condemned is located, its accessibility, the extent of the population, the nonexist-ence of any public park in the village, the determination of the public officers, the approval of the majority of qualified voters, are an asso-ciation of facts which it would be arbitrary to ignore in determining this requirement. There is sufficient evidence of effort and inability to agree with the owners for the purchase of the property. I am con-vinced that the disagreement was the unavoidable result of an irrec-oncilable contention as to property rights, rather than attributable to a lack of fair effort to purchase for a just price the property which the plaintiff actually contemplated taking.

There is sufficient testimony given by the officials of the plaintiff legally charged with the duty of doing the work to conclude that it is the intention of the plaintiff in good faith to complete the work for which the property is to be condemned.

It is fully proven that the preliminary steps required by law have been taken by the plaintiff to enable it to institute this proceeding.

The defendants assert that the sum of money lawfully provided is inadequate to acquire the property described or pay the damage inflicted. The plaintiff contends and gives some proof that it is fully sufficient. Should defendants' assertion be substantiated by events, harm cannot result to them, as the plaintiff cannot be vested with title except upon payment of the sum appraised as the value of their holdings by the commissioners. Section 3373, Code Civ. Proc.; State Water Supply Comm. v. Curtis, 192 N. Y. 319, 85 N. E. 148.

Motion to dismiss the petition is denied.