---

NEW YORK CENT. & H. R. R. CO. v. MATHEWS et al.

(Supreme Court, Appellate Division, Second Department. May 19, 1911.)

1. EMINENT DOMAIN (§ 50*)—"REAL PROPERTY."

"Real property," within the condemnation law, includes any right, interest, or easement therein or appurtenance thereto.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 104; Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 7, pp. 5939–5951; vol. 8, pp. 7778, 7779.]

2. EMINENT DOMAIN (§ 50*)—"APPURTENANCES"—LANDS UNDER WATER.

Lands under water adjacent to uplands are "appurtenant" to the uplands, within the condemnation law.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 104; Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 1, pp. 477–487; vol. 8, p. 7580.]

3. EMINENT DOMAIN (§ 152*)—"OWNER."

The word "owner," as used in the condemnation law, includes all persons having any estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 403–406; Dec. Dig. § 152.*

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. EMINENT DOMAIN (§ 177\*)—CONDEMNATION PROCEEDINGS—PARTIES.**

> Since Public Lands Law (Consol. Laws 1909, c. 46) § 75, prohibits grant of lands under water to one other than the proprietor of adjacent lands, upland owners are necessary parties to a proceeding to condemn the submerged lands.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 478–485; Dec. Dig. § 177.\*]

**5. EMINENT DOMAIN (§ 158\*)—CONDEMNATION PROCEEDINGS—SCOPE OF INQUIRY.**

> Disputed title to land cannot be determined in a condemnation proceeding; conflicting claimants being properly joined, leaving the question as to which is entitled to the compensation to be determined by the court on payment thereof into court, as provided by Code Civ. Proc. § 3378.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 428–432; Dec. Dig. § 158.\*]

Appeal from Special Term, Westchester County.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Catharine T. R. Mathews and others. From an order overruling a motion (70 Misc. Rep. 567, 128 N. Y. Supp. 138), defendants Mathews and Van Cortlandt appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Lewis L. Delafield (M. Gregg Latimer, on the brief), for appellants.

George H. Walker, for respondents.

WOODWARD, J.    The New York Central & Hudson River Railroad Company started this proceeding for the purpose of acquiring lands in Westchester county for the purpose of enlarging its terminals. The lands in question are located south of the plaintiff's station at Harmon, and are alleged to be necessary for the proper construction of the plaintiff's new terminal lines. There are two parcels of land. The first, known as "parcel No. 1," is concededly owned by the appellants, and its value is placed at $200,000. This parcel of land is situated upon the bank of the Hudson river, and for about one-half of its length overlaps parcel No. 2, which consists of land entirely under the waters of the Hudson river. That is, parcel No. 1 lies between the river and the plaintiff's present right of way, and parcel No. 2, which lies under the water of the river, starts at a point near the center of parcel No. 1, along the bank of the river, and extends south a considerable distance, so that the owners of parcel No. 1 abut upon a portion of parcel No. 2, and are entitled to the rights of riparian owners in that portion of parcel No. 2 which extends northerly between parcel No. 1 and the river. These rights were clearly pointed out in Saunders v. N. Y. C. & H. R. R. Co., 144 N. Y. 75, 87–89, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729, and are referred to here for the purpose of indicating that the appellants are proper parties to both proceedings, if the plaintiff is to secure the lands necessary for its projected improvement.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff, in its petition, alleged that the appellants were the owners of parcel No. 1; but as to parcel No. 2 it is alleged:

"That the whole of parcel No. 2, as plaintiff is informed and believes, is land originally under the waters of the Hudson river, title to which is in the people of the state of New York. * * * That, as plaintiff is informed and believes, the defendants Catharine T. R. Mathews, James S. Van Cortlandt, and Ann S. Van Cortlandt claim to be the owners in fee of the said premises in said Schedule A designated as parcel No. 2, by inheritance or mesne conveyances from Stephanus Van Cortlandt, who, as plaintiff is informed and believes, claimed title under Royal Charter of William the Third, bearing date June 17, 1697. That, as plaintiff is informed and believes, the said grant to Stephanus Van Cortlandt aforesaid did not convey title to the premises described in Schedule A annexed hereto and therein designated as parcel No. 2, and that the title to said premises still rests in the people of the state of New York."

The appellants have moved the court to separate this proceeding, and to dismiss the petition in so far as it relates to parcel No. 2, on the ground that a condemnation proceeding is not the proper place to try out a disputed title as between the appellants and the people of the state of New York, urging that, as the petitioner has alleged that the title is in the people of the state of New York, the appellants are not proper parties to the proceeding. The state was represented upon the motion and urged that it was not a proper party to the proceeding in so far as parcel No. 1 was concerned, and the court has held against both of these contentions. Appeal now comes to this court on the part of those claiming under the Van Cortlandt grant; the state accepting the order as it is.

We have already pointed out that the appellants have an interest in parcel No. 2, entirely apart from the question of the ownership of the fee, and, while this interest is not large, perhaps, it is such an interest as cannot be taken without the presence of the appellants in this proceeding.

[1, 2] This is a proceeding to take "real property," as that term is understood in the condemnation law, and that includes "any right, interest, or easement therein or appurtenances thereto," and it is clear under the decisions that lands under water adjacent to the upland are appurtenant to such uplands.

[3, 4] The word "owner," as used in the condemnation law, includes "all persons having any estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon"; and as section 75 of the public lands law provides that no grant of lands under water "shall be made to any person other than the proprietor of the adjacent lands, and any such grant made to any other person shall be void," it is obvious that the owners of parcel No. 1 have an interest in parcel No. 2 which makes them necessary parties to this proceeding in reference to both parcels.

[5] At the same time, it is not the legitimate province of a proceeding for the condemnation of real property to take up the question of disputed titles; the scheme of the law clearly does not contemplate this, for it is provided in section 3378 of the Code of Civil Procedure that:

"If there are adverse and conflicting claimants to the money or any part of it, to be paid as compensation for the property taken, the court may direct the money to be paid into the court by the plaintiff, and may determine who is entitled to the same, and direct to whom the same shall be paid, and may, in its discretion, order a reference to ascertain the facts on which any such determination and direction are to be made."

The proceeding is primarily against the real estate; it is the real estate which is to be taken, and the broad definition of "owner" is for the purpose of bringing in all persons who have any interest in the real property to be taken, that the title may be divested, and this result may be accomplished even though the name and place of residence of the owners is not known to the plaintiff, after due inquiry. Subdivision 4, § 3360, Code of Civil Procedure; Matter of Department of Public Parks, 53 Hun, 280, 297, 6 N. Y. Supp. 750. This provision of the condemnation law makes it unnecessary to resort to any forced construction to bring the case within the provisions of section 452 of the Code of Civil Procedure, through section 3382 of the Code of Civil Procedure. Section 452 provides that the "court may determine the controversy, as between the parties before it," which is quite foreign to the matters which are before commissioners for determination. The only question properly before the commissioners is that of "just compensation" for the property taken. Section 7 of article 1 of the state Constitution provides that:

"When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

There is no suggestion that this commission is to have the power and authority, vested in the courts, to determine controversies between private individuals and the state or other parties. Its sole purpose is to determine what is just compensation for the premises, and the statute makes provision for the court to determine who is entitled to receive this compensation where there is any controversy over the matter.

"As to the practice, it has been the common custom since the General Railroad Act of 1850 (chapter 140) for the petitioner in condemnation proceedings to include in its petition many pieces of land, the properties of different owners. The practice has many advantages; the presentation of all objections at the same time, the appointment of a single set of commissioners to act in the whole class of cases. The practice has been so common that it should not be condemned unless there is some substantial objection to it. Any party can file his answer, and as to such a party it is from that time in substance a separate action. If it be irregular to join the lands of different owners in a single petition, it is within the power of the court to sever the cases, and the entry of an order or judgment in a particular case is, in fact, a severance." Cullen, J., in Brooklyn Elevated R. R. Co. v. Nagel, 75 Hun, 590, 27 N. Y. Supp. 669, affirmed, without opinion, 150 N. Y. 562, 44 N. E. 1121.

Here we have the parties who claim an interest in these two parcels. Both parties are necessary to the practical result sought to be accomplished, and why there should be a severance, or a dismissal of the proceeding, we are unable to discover.

At the same time it is clear to us that the plaintiff should not assume to determine who the owner of parcel No. 2 is, but should be

content to bring both parties into the proceeding as owners, leaving the question as to which one is entitled to the compensation to be determined in the manner provided in section 3378 of the Code of Civil Procedure, to amend the allegations in reference to ownership (Brooklyn Union Elevated Railroad Co. v. Valance, 123 App. Div. 687, 108 N. Y. Supp. 157), and this course should be taken.

The order appealed from should be affirmed, but without costs to either party. All concur.