Matter of the Application of The Bronx Parkway Commission, Petitioner and Plaintiff, to Acquire Title to Lands of Watson Realty Company and The Garth Estates, Impleaded with Others, Defendants. No. 4.

(Supreme Court, Westchester Special Term, March, 1917.)

Condemnation law — question of ownership between conflicting claimants — Code Civ. Pro. § 3357, et seq.

> In a condemnation proceeding, which is purely statutory, the court possesses only such jurisdiction and powers as are expressly conferred by statute, and such other incidental powers as may be necessary to effectuate the scheme of the statute.

Under the condemnation law (Code of Civil Procedure, § 3357 *et seq.*), which does not expressly authorize such procedure, the question of the ownership, as between conflicting claimants, of property to be condemned, cannot be determined upon a motion before the commissioners of appraisal have made their award; such a method of trial is not a necessary incident to the power conferred upon the court by the condemnation law.

MOTION by Garth Estates for referee to determine ownership and for an injunction pending such determination.

Theodosius F. Stevens, for petitioner.

Erwin, Fried & Czaki (Joseph S. Wood, of counsel), for Garth Estates.

J. Homer Hildreth, for Maria L. Watson, claimant.

YOUNG, J.   Upon this motion the Garth Estates, one of the defendants above mentioned, asks to have the court, or a referee appointed for that purpose, hear and determine the question of ownership of certain property to be condemned, known as parcel 5, sheet 16, as to which there appear to be conflicting claimants, and for an injunction restraining proceedings before the commissioners until it be decided who the true owner is.   Ordinarily the question of ownership would not be raised at this point or be deemed important, but would be determined by the court or referee after the award of the commissioners was made in a proceeding brought for the purpose of determining who was entitled to the award.   But it is the contention of the Garth Estates that the question of ownership should be decided before the award is made, for the reason that if it is held to be the owner of parcel 5 then that parcel and others, which the Bronx parkway commission seek to condemn, are part of a large tract owned by it, and it will be entitled not only to damages for the

taking of parcel 5 but to the consequential damages to the remainder of the tract, and that as the court has power under the statute to determine conflicting claims after an award has been made and paid into court it has equal power to determine such conflicting claims of title before the commissioners make their award, where such a determination is necessary to enable them to award just compensation. No authority in this state is cited by counsel to support this contention, but it seems that such practice obtains in Illinois, and my attention has been directed to three cases decided by the court of last resort of that state upholding this practice. *Chicago & M. Elec. R. Co.* v. *Diver,* 213 Ill. 26; *Metropolitan West Side El. R. Co.* v. *Eschner,* 232 id. 210; *Chicago & N. W. R. Co.* v. *Miller,* 233 id. 508. The statute relating to condemnation in Illinois is not substantially different from that in this state. Hurd's R. S. Ill. chap. 47. It provides for the commencement of the proceeding by petition and prescribes the facts which must be alleged, the parties and method of service, and for trying the question of damages before a jury, and for a judgment or order upon their report. It does not, however, provide for any answer to the petition and such questions as are raised in this state by answer are, under the practice in the Illinois courts, presented by objection upon the return day. It does provide, however, for the filing of a cross-petition by a person not made a party who claims to be an owner or interested in the property taken or damaged. In practice, however, it has been held that it was proper for the court to direct by order that all the defendants claiming title file cross-petitions and have the question of title determined prior to the impaneling of the jury. *Chicago & N. W. R. Co.* v. *Miller, supra.* Indeed, it is well settled in that state that all preliminary questions of title, etc., should be thus determined

prior to the calling of the jury, and that the jury had no power to pass on such issues. The statute also contains a provision that the compensation may in all cases be paid to the county treasurer, to be paid by him to the party entitled, etc., and it was held in *Metropolitan West Side El.. R. Co.* v. *Eschner, supra,* that although the parties had neglected to present such questions of title at the proper time the irregularity would be regarded as waived, and the court should order the compensation paid to the county treasurer and require the defendants to present their respective claims thereto to the court.

The right of eminent domain is a purely legislative power, and it can only be exercised pursuant to legislative authority. It is well settled in this state that: '' The stringent character of the power of eminent domain demands that the methods of procedure prescribed for its exercise shall be strictly if not inflexibly followed.'' *Bell Telephone Co.* v. *Parker,* 187 N. Y. 299, 303; *Schneider* v. *City of Rochester,* 160 id. 165, 172. A condemnation proceeding is a statutory proceeding and the court possesses only such jurisdiction and powers as are expressly conferred by the statute, and such other incidental powers as may be necessary to effectuate the scheme of the statute. An examination of our condemnation law (Code Civ. Pro. chap. 23, tit. 1) does not disclose any express authority for such procedure as the Garth Estates invoke here.

So far as statutory provisions are concerned, however, I am unable to see that the Illinois statute grants the courts of that state any greater powers than are given to our courts by the Code. The powers exercised by the Illinois courts in relation to the questions referred to above have no express statutory authority, and the courts there have no greater incidental powers than are possessed by our Supreme Court.

But the courts of this state, although this precise question has never been presented or passed upon in this form, seem to construe the condemnation law somewhat strictly.

It is well settled that commissioners of appraisal have no authority to determine a disputed title to land and that it is not the legitimate province of a condemnation proceeding to take up such questions. *New York C. & H. R. R. R. Co.* v. *Mathews,* 144 App. Div. 732. But where the land proposed to be taken formed part of a tract it has been held that title to the part not taken might be proved before the commissioners for the purpose of estimating consequential damages and that such proof was irrelevant on the preliminary application to appoint such commissioners. *Village of Babylon* v. *Bergen,* 68 Misc. Rep. 433.

It has also been held that proceedings by a municipal corporation nominally to acquire an easement for a sewer were inappropriate to try the title to the lands affected or to determine the question of the municipality's existing right to the easement (*Matter of City of Yonkers,* 117 N. Y. 564); and that a municipality by commencing proceedings to acquire land for street purposes admits the landowner's right, and can make no claim of dedication thereof to public use as a highway. *Village of Olean* v. *Steyner,* 135 N. Y. 341; *Village of Medina* v. *Graves,* 113 N. Y. Supp. 52. In *Matter of City of Buffalo,* 148 App. Div. 384, it was held that the report of condemnation commissioners will not be refused confirmation because they may have exceeded their authority in determining conflicting claims of title where all parties in interest during the entire hearing made no objection to the determination of such issues by the commissioners. In *City of Geneva* v. *Henson,* 195 N. Y. 447, the petition alleged

26

that the city was the owner in fee of the premises in question and that Henson had certain easements. The latter denied the essential allegations in the petition and also alleged that he was the owner in fee of the premises. The issues raised by Henson's answer were tried before a referee by consent, and the Court of Appeals, while holding that such an issue could not ordinarily be decided in that way, held that as the proceeding was pending in the Supreme Court, with its general jurisdiction, the parties had a right, if they so desired, to submit such an issue in connection with the other issues to the determination of the referee, instead of seeking the decision of the question at some other time or by some other tribunal.

The last cited case is similar in principle to the case at bar, because it was essential there, as it is here, that the question of title should be determined before the commissioners fixed the compensation. In other words, in that case, if the city was the owner of the fee and the defendant had only an easement the compensation to be awarded to him would be very different from what he might recover were it determined that he owned the fee. So here, if the Garth Estates own parcel 5 the compensation which the commissioners must award may include consequential damages to the remainder of the tract and therefore be much larger than if the title to parcel 5 is in some other defendant or defendants. It should be noted also that although the issues raised in the *Henson* case were directly between plaintiff and defendant, and so literally within the provisions of section 3367, the Court of Appeals condemned the practice, saying: " Such petitioner ought not to be allowed, by alleging in a defendant a lesser estate or title than he really possessed, to compel such owner to set up his true title and interest and thus contest in the proceeding ques-

tions of which he otherwise might be entitled to have a trial by jury.'' P. 455. It is true that the actual questions decided by the above authorities are in substance simply that commissioners of appraisal cannot try disputed titles and that such an issue *between the petitioner and a defendant* cannot be raised by answer, and tried in the proceeding, except by consent. It has not been actually decided that conflicting claims of title *between co-defendants* may not be determined in the proceeding. Indeed under section 3378 the title of conflicting claimants to an award paid into court may be so determined by the court or a referee, and without a jury trial. Referring to that provision of our Code, the Court of Appeals in the *Henson* case pointed out as a distinction from the case before it that such provision '' both on its face and in the light of the practice under it relates to *defendants* who set up conflicting claims *amongst themselves* and does not relate to a contest *between the plaintiff and defendants* as to the title to the property.'' P. 455. Of course, the issue raised between conflicting claimants to an award is in reality an issue of title because the right to the award depends upon the title to the land condemned.

It would seem then that the question is narrowed down to this: May an owner of property be compelled to try a disputed question of title with co-defendants in a summary way in a condemnation proceeding without a jury, and without any express provision by statute requiring such method of trial? In other words, is such a method of trial a necessary incident to the power conferred upon the court by the condemnation law?

That the Garth Estates are entitled to some relief from the situation in which it finds itself is plain, and to prevent circuity of action I would be inclined to

hold that the question was not one of jurisdiction, but that the court without express statutory authority might determine the question of title before the commissioners make their award, and stay proceedings for that purpose, upon the theory that this court, being one of general jurisdiction, was authorized not only to take the steps specifically provided in the condemnation law, but such other incidental proceedings as might be necessary to a just determination of the award to be made. But a careful reading of the authorities which I have cited, as well as others, convinces me that such a determination of this motion would be contrary to the policy indicated by our court of last resort, and I feel constrained therefore to rule that the Garth Estates cannot obtain relief in the manner sought. It seems to me that it can only be obtained in some appropriate form of action. I have reached this conclusion with reluctance, because I feel that the court should have power to adjust in a condemnation proceeding all questions which may arise therein, and the decision of which is necessary to attain the object sought by the statute, — the speedy award of just compensation for lands condemned. Parties to such a proceeding ought not to be delayed in the attainment of the object sought in order that some necessary question may be tried out in an independent action or proceeding. This delay is strikingly illustrated in the case at bar, where it is apparent that an action in equity must be brought and the prosecution of this proceeding enjoined pending the determination of the title, without, so far as I am able to perceive, any more substantial advantage to the parties than might be obtained by a speedy determination of the same question in the proceeding itself, and with no other result than a vexatious delay of the final award in this proceeding.

In the view I have taken of this motion, it is unneces-

Misc.]    Surrogate's Court, Kings County, March, 1917.

sary to determine the objections raised by the petitioner and the respondent Watson, that notice of this application has not been given to other defendants claiming to be owners of parcel 5, and that the allegation of ownership in the Garth Estates is too general to furnish a basis for an injunction or stay. I should, however, point out to the applicant that it could not have been successful upon this application, in any event, without notice to the other defendant owners, and that even had I been able to hold that the procedure invoked was proper I should have been compelled to deny the motion, with leave to renew on proper notice. The other objection is also entitled to some consideration, and it may be doubted whether the bare allegation of ownership, without proof to support it, is sufficient to justify injunctive relief, as against parties showing an apparent record title. In other words, to obtain such relief, a party must show a clear right upon which to base such a remedy. The motion is denied.

Motion denied.