In the Matter of the Application of MOUNT VERNON REALTY CORPORATION, Respondent, for a Mandamus Order against FRANK A. BENNETT, as Corporation Counsel of the City of Mount Vernon, New York, and Another, Appellants.— Peremptory mandamus order directing appellants to take proceedings to ascertain the damage to the petitioner's property because of a change of grade unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of FANNIE JANE WATERS SMITH for Payment of Award Made for Damage Parcel No. 400 on the Damage Map and in the Final Decree of the Supreme Court in the Proceeding for Acquiring Title to Northern Boulevard from Parsons Boulevard to the Easterly City Line, in the Borough of Queens, City of New York. SUSAN WATERS and ONEY WATERS, Appellants; THE CITY OF NEW YORK and Others, Respondents.— Order in a condemnation proceeding, confirming in part and rejecting in part the report of an official referee and directing the payment of awards previously made to unknown owners, unanimously affirmed, with costs. The Supreme Court had jurisdiction, through its referee, to determine the question of title as between conflicting claimants even though that question involved passing on the validity of a deed on which one of the claimants based asserted rights. (*Matter of Department of Parks*, 73 N. Y. 560; *Matter of Opening Eleventh Avenue*, 81 id. 436; *City of Geneva* v. *Henson*, 195 id. 447.) The court having jurisdiction of the subject-matter, the parties are bound by the practice in which they acquiesced, through which that jurisdiction was exercised, and may not raise any question in respect thereto after so acquiescing. (*City of Geneva* v. *Henson*, 195 N. Y. 447; *Matter of City of Buffalo, No. 2*, 148 App. Div. 384.) Cases which concern the litigating of title as between the condemnor and a claimant or in advance of the making of an award, are distinguishable on these grounds. (*Matter of City of Yonkers*, 117 N. Y. 564; *City of Geneva* v. *Henson*, 195 id. 447; *Matter of Bronx Parkway Commission*, 99 Misc. 397.) The evidence amply justified the referee's finding that the appellants had no right to the award because of the instrument under which they claimed being one that in fact had never been executed by the purported grantor, and for the further reason that proof of its execution was insufficient in the face of the proof from the respondents of the grantor's and her successors' continuance in possession and the making of burials in the plot in disregard of rights which would otherwise exist under the instrument in question. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; Civ. Prac. Act, § 384, subd. 4.) Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.