COUNTY OF JEFFERSON, Plaintiff, *v.* BRAINARD H. TREADWELL and Others, Defendants.

County Court, Jefferson County, October 23, 1935.

*Henry A. Hudson*, for the plaintiff.

*Cosgrove, Harter, Scanlon & Wright*, for the defendants.

KIMBALL, J. In July, 1933, a proceeding was begun by the county of Jefferson to condemn certain property and take the same for the purpose of the reconstruction of the Henderson Harbor State highway 238 in the county of Jefferson. The proceedings originally included parcels owned by two separate parties defendant. The proceedings were severed, however, and we are now only concerned with the Treadwell property.

The petition alleged ownership of the parcels designated as " A " and " B " in Brainard H. Treadwell; alleged that Regina Treadwell was the wife of said Brainard H. Treadwell and that the Jefferson County Savings Bank and Jefferson County National Bank owned mortgages upon said parcels. A map of the property to be condemned was duly filed in the Jefferson county clerk's office. The prayer of the petition asked for an adjudication that the public use required the condemnation of the property and that commissioners be appointed to determine the compensation to be made to the owners.

The matter was noticed for hearing on August 14, 1933, and at that time no answer was made and no issue raised by the defendants. An order was, therefore, made appointing three commissioners in the usual form. The commissioners duly qualified and the first meeting was held on October 28, 1933. The minutes show that proof of publication of the notice of meeting was filed and the following notation is made in the minutes prior to the taking of testimony: " Admitted in open court by respective parties that the interest of several parties is correctly stated in petition."

Testimony was taken. Before the hearings were concluded, some evidence was offered or received in relation to whether the original road was three rods or four rods in width. The question was raised as to whether Treadwell owned the land taken if the right of way was originally four rods in width, instead of three, as alleged and as shown by the map filed. The commissioners of appraisal had no authority to take evidence on the question of title or to determine whether Treadwell owned the land adjoining the old highway or whether the title or easement of the State of New York was four rods in width instead of three. The petition alleged title in Treadwell and did not allege title in the State of New York. The land was condemned and taken as land owned by Treadwell and all

the commissioners were called upon to do was to fix the compensation to Treadwell for the taking.

The commissioners have made their report and have determined that the defendants are entitled to compensation in the sum of $1,080, with interest from August 15, 1933. No question of adequacy or inadequacy of the award is raised.

The defendants Treadwell have moved for confirmation of the report of the commissioners. The plaintiff filed exceptions to the report and opposed confirmation. The plaintiff later moved for permission to file an amended petition and to make the People of the State of New York a party defendant. The proposed amended petition and the affidavits on the motion allege ownership of the property in question in the State of New York either in fee or easement for highway purposes. The prayer of the amended petition asks that it be adjudged whether the title is in the State of New York or in the defendants Brainard H. Treadwell and Regina Treadwell and if in the defendants Treadwell that condemnation follow and compensation be made.

The exceptions to the commissioners' report have not been urged and I do not think are well taken.

The only question is whether the county of Jefferson, after the proceedings are practically completed, may now recede from its original position that Treadwell was the owner and at this time amend to allege title in the State, deny title in Treadwell and in these proceedings have the question of title between Treadwell and the State of New York adjudged and determined.

The motion to amend must, I think, be denied. There is no authority for this court in a condemnation proceeding to try title either as between the condemnor and an alleged owner or as between defendants. Several decisions have been called to my attention by counsel on both sides. These I have carefully examined.

In *Matter of Village of Olean* v. *Steyner* (135 N. Y. 341) the plaintiff sought to condemn certain property of the defendants. It later sought to raise the question that the property had been dedicated to the public use. The court said: " But the municipality waived any such claim, if it existed, by proceeding under the charter to condemn the landowner's right, and to assess his damages for what was proposed to be taken from him. Manifestly, the village conceded his right when it instituted a proceeding to take it away, and under a provision of the charter having no application except where there is an owner other than the village and whose title is to be divested. To say that there is not such owner, and that the easement sought to be condemned belongs to the municipal corporation by the act of the owner, is to deprive the proceeding of all

foundation and invite its dismissal for that reason. * * * The question thus necessarily becomes one, not of condemnation, but of title, and ends in the inquiry whether the village owns or does not own the easement, and that question cannot be raised or tried in a proceeding which assumes the landowner's conceded right, and is framed solely to ascertain his just compensation for parting with it."

The same rule of law was enunciated in *City of Geneva* v. *Henson* (195 N. Y. 447). There the question of title arose between the plaintiff and defendant. The court said: " In our opinion, this section does not contemplate or provide for the preliminary trial of such a dispute of title as was here presented [p. 453]. * * * Furthermore, we doubt the right of a petitioner under any such circumstances as have been developed here to make a condemnation proceeding at any stage the means of forcing trial before a referee or commissioners of a contested title with defendant. If the proceeding was instituted on the assumption and basis that the defendant has certain property rights to be condemned, the petitioner, having taken advantage of this assumption as a basis for his proceeding, would not be allowed therein to contest such rights " (p. 455).

In *Matter of City of Yonkers* (117 N. Y. 564) it was held: " Such a proceeding is not the proper one for the purpose of testing the title to the land which is proposed to be taken, as between the public body and the individual against whom the proceedings are commenced."

The plaintiff relies on the decision in *New York Central & H. R. R. R. Co.* v. *Mathews* (70 Misc. 567; affd., 144 App. Div. 732). A careful review of the facts set forth in the opinions, however, convinces me that a different question was there presented. The State of New York and the riparian owners were made parties defendant. The court, both at Special Term and in the Appellate Division, held that both were " owners " under the statute and, therefore, proper and necessary parties. The State was a proper party for the reason that the railroad corporation, by statute, had the right to condemn as against the State which held title to the land under water. The other defendants were " owners " and proper parties because they had riparian rights. No statute has been called to my attention giving the county of Jefferson the authority to condemn land owned by the State of New York for highway purposes. In the absence of such authority, the State would not be a proper or necessary party in a condemnation proceeding. In any event, if the State owns the property herein sought to be taken or has an easement for highway purposes, as contended

by the county of Jefferson, then it surely would be absurd, on the face of it, that the county should, even if it had the right, which it has not, condemn from the State, for highway purposes of the State, land which the State already owns.

But the plaintiff urges that the cases above cited are to be distinguished from the instant one; that the *Henson* case and the *Olean* case *(supra)* hold only that title cannot be tried in condemnation as between the condemnor and the landowner and that by an allegation of title in the State and an allegation of a claim of title in Treadwell, the basis is laid for determining ownership, in this proceeding, not as between condemnor and landowner but as between codefendants. The Illinois decisions are not the law of this State and whether we agree or disagree with the conclusions which have been arrived at by the Illinois courts is immaterial. It may be argued that the decisions in that State are more logical and effect a better result than those of New York. The fact remains, however, that in this State title as between codefendants cannot be tried and determined in condemnation proceedings, and I think that this view is in accord with the weight of authority.

The exact question was presented in *Matter of Bronx Parkway Commission* (99 Misc. 397; affd., 191 App. Div. 922). The opinion of the Special Term, after reviewing the authorities, states: " It has not been actually decided that conflicting claims of title *between co-defendants* may not be determined in the proceeding." The court then asks the precise question: " May an owner of property be compelled to try a disputed question of title with codefendants in a summary way in a condemnation proceeding without a jury, and without any express provision by statute requiring such method of trial? In other words, is such a method of trial a necessary incident to the power conferred upon the court by the condemnation law? "

The court answered the question in the negative and stated that an affirmative answer would be contrary to the policy indicated by the Court of Appeals. The decision of the Special Term was unanimously affirmed in the Appellate Division, the court stating *(per curiam)*: " Such a motion as this appears to be without precedent."

*Matter of Smith* (244 App. Div. 733, decided April 5, 1935) seems to be the latest case on the question here involved. In that case the parties had acquiesced in trying title. The proceeding was had in the Supreme Court, which had general jurisdiction, and it was held that after acquiescing in the practice, the parties were bound thereby and could not raise the question. In this respect the *Henson* case was followed. The distinction was made,

however, between such a situation and the situation presented in the *Bronx Parkway* case where the parties had not acquiesced, in a court of general jurisdiction, in trying title prior to the making of the award.

In the case at bar, it must be remembered, without deciding any point, that the County Court is not a court of general jurisdiction but that its powers are statutory and limited. It might well be asked whether, even if the parties consented, there is jurisdiction in the County Court to do what was done in the Supreme Court in the *Henson* case.

The motion to amend for the purpose of trying title must be denied. Upon a careful consideration of the matter, it is difficult to see how the State of New York could possibly be made a proper party in this condemnation proceeding. There seems to be no statutory authority to do so. Either Treadwell owns the property or the State does. Condemnation lies against Treadwell but not against the State. If the contention of the plaintiff, as now expressed, is correct, there is no basis for a condemnation against Treadwell. If the State owns the property, as the plaintiff claims, then there is no necessity for condemnation by the county. If the county desires to try title as between Treadwell and the State, it must do so " in some appropriate form of action." (*Matter of Bronx Parkway Commission, supra.*)

I do not now have to decide what may be done, after the confirmation of the award, under section 22 of the Condemnation Law. That section lays down the practice between adverse and conflicting claimants to the money to be paid as compensation for the property taken. As I view this case, there are no adverse claimants. If Treadwell is the owner, he is entitled to the award. If the State is the owner, it would not be entitled to the award or any part of it for the reason that the State is not a party defendant and cannot be made such in this proceeding. There is no motion before the court for leave to discontinue the proceeding.

An order may be made denying the plaintiff's motion, with ten dollars costs to defendant Treadwell. An order may be made confirming the award. Both orders to be made on two days' notice.