■ LEONA HEYERT, Respondent, v. ORANGE AND ROCKLAND UTILITIES, INC., Appellant.— In an ejectment action to compel the defendant to remove a gas main from the subsurface of certain real property in the Town of Ramapo, the property being used as a public street and the plaintiff being the owner of the fee title to the center line of the property or street, in which action the defendant has asserted a counterclaim for "inverse condemnation fixing the amount, if any, of past and permanent damages from the installation and maintenance" of the gas main and directing that "upon payment of said amount defendant receive a deed or easement" permitting the maintenance of its gas pipes, the defendant appeals from an order of the Supreme Court, Westchester County, entered May 14, 1964 in Rockland County, insofar as such order: (1) denied its motion for summary judgment dismissing the complaint; (2) incident to the grant of the motion with respect to defendant's

counterclaim for inverse condemnation upon making compensation, appointed three commissioners to ascertain the compensation to be made to the plaintiff; and (3) failed to retain jurisdiction of the action in order to have the Special Term, rather than the commissioners, fix plaintiff's damages. Order modified as follows: (1) by striking out of the first decretal paragraph the provision that the defendant "is entitled to have commissioners appointed to ascertain the compensation to be made to the plaintiff;" (2) by striking out its second, third and fourth decretal paragraphs appointing the three commissioners, defining their powers and prescribing their procedure; and (3) by substituting therefor a provision directing that the damages to which plaintiff may be entitled by reason of such inverse condemnation be fixed by the Justice at Special Term, after a hearing, upon the basis of all the proof adduced. As so modified the order, insofar as appealed from, is affirmed, without costs; and the action is remitted to Special Term for the hearing, for the fixation of damages and for further proceedings not inconsistent herewith. Plaintiff, who is the owner of the property on East Willow Tree Road in the Town of Ramapo and who claims a fee title to the center line of said road, brought this action to compel the defendant to remove a gas main installed and maintained by it in the portion of said road to which plaintiff claimed ownership. On defendant's motion for summary judgment, Special Term gave defendant summary judgment for inverse condemnation upon making compensation therefor; appointed three commissioners to ascertain the compensation to be made to the plaintiff, and in all other respects denied the motion. Neither party to the action requested the appointment of commissioners to ascertain plaintiff's compensation. The plaintiff has voluntarily subjected herself to the jurisdiction of a court of equity and thereby conferred upon the court the power to retain the cause and grant whatever relief is proper, including inverse condemnation (*Ferguson* v. *Village of Hamburg*, 272 N. Y. 234, 239–240). A decree of inverse condemnation fixing the amount of past and permanent damages resulting from an alleged burden upon the plaintiff's fee, and granting an injunction if the defendant fails to pay such damages, would furnish expeditious and adequate relief. We know of no authority, however, providing for the appointment of commissioners in an action such as the instant one. The authority for the appointment of commissioners of appraisal comes from statute law (Condemnation Law, § 4). The statute provides that such commissioners should be appointed when a formal petition for condemnation requests such appointment (Condemnation Law, § 4, subd. 8). In view of the principle that the right of eminent domain is a purely legislative prerogative which can only be exercised pursuant to legislative authority (*Matter of Bronx Parkway Comm.*, 99 Misc. 397; *Matter of County of Nassau* [*Levittown*], 207 Misc. 190), it is our opinion that here the learned Special Term Justice had no authority to appoint commissioners of appraisal, since he had no formal condemnation petition before him but merely an action in equity wherein plaintiff sought injunctive relief and wherein the parties ultimately agreed that the doctrine of inverse condemnation might apply as a way of solving the equitable issues presented. In this posture the court was still left only with an action in equity, and not with a statutory condemnation proceeding wherein appointment of appraisers was authorized. Plaintiff is entitled to damages because there has been an unauthorized taking or use of her property for a purpose which is not a lawful highway or street use under the public easement existing by virtue of the use of the roadway as a public street. The installation of gas mains is not the use of plaintiff's property for a recognized highway purpose, within the scope of the public's easement; such installation constitutes an unlawful interference with plaintiff's property rights.

Hence, plaintiff is entitled to compensation on the same basis as in any case of partial taking through the exercise of the power of eminent domain (*Thompson v. Orange & Rockland Elec. Co.,* 254 N. Y. 366; *Palmer v. Larchmont Elec. Co.,* 158 N. Y. 231; *Ferguson v. Producers Gas Co.,* 286 App. Div. 521). Such compensation must be determined, however, by the court, and not by commissioners of appraisal. Beldock, P. J., Brennan and Rabin, JJ., concur; Christ and Benjamin, JJ., concur in the result, with the following memorandum: We concur only because we believe that the determination heretofore made by the Court of Appeals in *Thompson v. Orange & Rockland Elec. Co.* (254 N. Y. 366) appears to compel this result. We are mindful, however, that public streets are now increasingly utilized for overhead power and telephone lines and for subsurface conduits for gas, water, sewers, electric lines and, in some places, even for steam. As it has now come to be an accepted practice that utilities be placed in public streets, we are of the opinion that in the climate of today these additional specific uses should be held pertinent and necessary to street rights and there should be no further compensation paid when the street is utilized for such additional purposes.