■ KINGS CREATIONS LTD., Respondent, v. CONDE NAST PUBLICATIONS INC., Appellant.— Order entered March 3, 1970, unanimously modified, on the law,

with $50 costs and disbursements to defendant, to also dismiss the second cause of action, and order otherwise affirmed, with leave, however, to plaintiff to apply to Special Term for permission to replead. (See CPLR 3211, subd. [e]; *Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133; *Moss* v. *Kadish,* 33 A D 2d 1008.) Although, admittedly, there was an error on defendant's part in the mismatching of a ring designed exclusively for plaintiff with the descriptive material and price pertaining to a ring offered for sale by another advertiser, the plaintiff's allegations do not establish a cause of action grounded in negligence. However, the plaintiff may have a cause of action for breach of contract arising out of its advertising agreement with defendant or for disparagement of a product (see *Drug Research Corp.* v. *Curtis Pub. Co.,* 7 N Y 2d 435; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384; *Lampert* v. *Edelman,* 24 A D 2d 562; *Payrolls & Tabulating* v. *Sperry Rand,* 22 A D 2d 595), and, therefore, plaintiff is given leave to apply for permission to replead. A cause of action for product disparagement must show special damages. (See *Drug Research Corp.* v. *Curtis Pub. Co., supra;* *Marlin Fire Arms Co.* v. *Shields, supra;* *Squire Records* v. *Vanguard Recording Soc.,* 25 A D 2d 190, affd. 19 N Y 2d 797.) Concur — Stevens, P. J., Eager, McGivern, Nunez and Tilzer, JJ.