Joseph Life, J.
Motion to dismiss the counterclaim is denied.
"Inverse condemnation” is a judicial concept. A court of equity, in an action by an owner to prevent interference with his rights in property, by one having the power of eminent domain, may determine all issues in the one action and require payment of appropriate past and future damages (see Ferguson v Village of Hamburg, 272 NY 234, 239-240; Heyert v Orange & Rockland Utilities, 24 AD2d 592, affd 17 NY2d 352).
Plaintiff argues from the decision in Heyert v Orange & Rockland Utilities (supra), that in this action in equity it will be denied "its inviolable statutory right to have the compensation to be made to it ascertained by commissioners of appraisal”. The point of the Appellate Division’s decision is that when plaintiff voluntarily brought on an action in equity it "thereby conferred upon the court the power to retain the cause and grant whatever relief is proper, including inverse condemnation (citing Ferguson v Village of Hamburg)”. Thus plaintiff is not being denied its rights to compensation but Special Term will "ascertain and determine the compensation which ought justly to be made * * * to the owners of the property (Condemnation Law, § 14). This is an alternative to requiring the defendant:to institute separate condemnation proceedings.
Therefore, there is no reason why strict compliance with the provisions of the Condemnation Law is required (see Buholtz v Rochester Tel. Corp., 40 AD2d 283, app dismd 33 NY2d 939).
Cross motion for summary judgment is denied.
Issue has not been joined insofar as defendant’s counterclaim is concerned. Plaintiff should not be required to meet a motion for summary judgment on the counterclaim until its motion to dismiss the counterclaim has been decided and it has had an opportunity to reply. The cross motion is premature.