■ EUGENE MAMMI et al., Appellants, v AMERICAN POLICYHOLDERS INSURANCE COMPANY, Sued Herein as AMERICAN MUTUAL INSURANCE COMPANY, Respondent.—In an action on an insurance policy, plaintiffs appeal from an order of the Supreme Court, Orange County, dated April 7, 1975, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. In our opinion, the instant complaint fails to state a cause of action on a third-party beneficiary theory (cf. *Embler v Hartford Steam Boiler Inspection & Ins. Co.,* 158 NY 431; *Jefferson v Sinclair Refining Co.,* 14 AD2d 238, affd 10 NY2d 422; *Duffy v Liberty Mut. Ins. Co.,* 58 Misc 2d 855; *Browdy v State-Wide Ins. Co.,* 56 Misc 2d 610). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.

■ MOBIL OIL CORPORATION, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent.—In an action *inter alia* for an injunction, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered September 23, 1975, as denied its motion to dismiss defendant's counterclaim. Order affirmed insofar as appealed from, with $50 costs and disbursements, on the opinion of the late Mr. Justice Liff at Special Term. Damiani, Acting P. J., Rabin, Titone and Hawkins, JJ., concur. [83 Misc 2d 249.]

■ VINCENT MOSCHELLA, Respondent, v ARCHDIOCESE OF NEW YORK, MONSIGNOR FARRELL HIGH SCHOOL, Appellant.—In a negligence action, *inter alia,* to recover damages for personal injuries sustained by an infant plaintiff while participating in a planned sports activity in a school playground, defendant appeals from an interlocutory judgment of the Supreme Court, Richmond County, dated January 28, 1976, which is in favor of plaintiffs, upon a jury verdict, after a jury trial limited to the issue of liability only. Interlocutory judgment affirmed, with costs. Upon the totality of the evidence adduced at trial, the jury could, and did, find that defendant was negligent in its failure to properly supervise, train and equip the infant plaintiff, who was engaged in a planned sports activity which was part of the school's gymnastic program. There was also sufficient evidence for the jury to find the infant free of contributory negligence, and that he had not assumed every hazard involved in the game of softball. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.