■ A.D. Bedell Wholesale Company, Inc., Respondent, v Philip Morris Incorporated, Appellant. [708 NYS2d 226] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its discretion in denying defendant's cross motion insofar as it sought to vacate a temporary restraining order. Plaintiff demonstrated that it would suffer "immediate and irreparable injury, loss or damage" should the temporary restraining order not be issued pending a hearing on the motion for a preliminary injunction (CPLR 6301; see, CPLR 6313 [a]; see also, Semmes Motors v Ford Motor Co., 429 F2d 1197, 1205-1206). The court agreed that defendant had raised factual issues requiring a hearing concerning plaintiff's entitlement to a preliminary injunction. No hearing has been held, however, because the parties stipulated to stay further proceedings in the IAS Court pending a final judgment and any appeal therefrom in an action captioned A.D. Bedell Wholesale Company, Inc. v Philip Morris Incorporated, et al., pending in the United States District Court for the Western District of Pennsylvania. Consequently, the issue before us on this appeal is plaintiff's entitlement to a temporary restraining order.

We reject the contention of defendant that the court erred in denying its cross motion insofar as it sought dismissal of the first cause of action, alleging a violation of the Donnelly Act (General Business Law § 340 et seq.). The allegations of unlawful concerted action are sufficient to withstand dismissal (cf., Creative Trading Co. v Larkin-Pluznick-Larkin, Inc., 148 AD2d 352, 354-357 [Sullivan, J., dissenting], revd on dissenting mem 75 NY2d 830). The court erred, however, in denying the cross motion insofar as it sought dismissal of the second cause of action, alleging tortious interference with prospective contractual relations. Plaintiff failed to allege that defendant used wrongful means such as physical violence, fraud or misrepresentation, civil suits or criminal prosecutions (see, Guard-Life Corp.

*v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks,* 247 AD2d 565, 567-568, *lv denied* 92 NY2d 813). (Appeal from Order of Supreme Court, Cattaraugus County, Cosgrove, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.