■ WILLIAM J. McNEARY, III, as Trustee for the Grande Trust, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. [728 NYS2d 840] —Cardona, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered August 9, 2000 in Saratoga County, which partially denied defendant's motion to dismiss the complaint.

Plaintiff is the trustee of the "Grande Trust" which owns, *inter alia*, certain property housing several businesses in the City of Saratoga Springs, Saratoga County, in area commonly known as the Saratoga Industrial Park (hereinafter the Park). Portions of the property are subject to easements granted to defendant, a public utility. The easements permit defendant to construct and maintain electric transmission and distribution facilities located within the Park and were in existence prior to the Trust's acquisition thereof.[1] The controversy herein concerns the presence of an endangered species, the Karner

---

1. The scope of the aforementioned easements are set forth in the easement agreements which grant defendant the right: "to cut, trim and remove all brush, trees or other obstructions upon the lands above described, and the right to cut, trim and remove all brush, trees or other obstructions upon the adjoining lands of [the Trust] which may, in the opinion of [defendant], its successors or assigns, interfere with or be likely to interfere with the successful operation of an electric transmission line or lines now or hereafter to be constructed upon the lands above described or upon the adjoining lands of [the Trust]."

Blue Butterfly[2] (hereinafter KBB), and its primary food source, the Blue Lupine plant, on defendant's utility rights-of-way. According to defendant, in the early 1990s, when it appeared imminent that the KBB would be listed on the Federal endangered species list, it commissioned a study by the State University of New York College of Environmental Science and Forestry (hereinafter ESF) to identify the presence of the KBB on its rights-of-way so as to insure its compliance with the Federal Endangered Species Act of 1973 (16 USC § 1531 et seq.). Apparently, the rights-of-way were identified as the KBB habitat. Believing that normal maintenance activity and emergency restoration work performed in the vicinity of the KBB habitat would likely result in harm to the KBB and the Blue Lupine plants, defendant applied for and obtained an incidental takings permit from the United States Fish and Wildlife Service. The permit enabled defendant to continue standard maintenance and emergency work in these areas with some restrictions, including a requirement that defendant complete an eight-year study involving the observation and monitoring of the KBBs at certain research sites on plaintiff's property. Defendant contracted with ESF to effect its compliance with the mandates of the permit.

In April 1999, after observing several individuals associated with ESF on the rights-of-way and, inter alia, discovering that defendant had erected "Project Habitat" signs indicating that the project was part of a "continuing effort to protect and expand unique plant and animal species found in [that] area," plaintiff commenced this action alleging seven causes of action. Specifically, plaintiff pleaded causes of action for inverse condemnation, breach of contract, trespass, nuisance, ejectment, permanent injunction and tortious interference with prospective contractual relationships. Defendant answered and thereafter moved, pursuant to CPLR 3211 (a) (1), (5) and (7), to dismiss the entire action. Supreme Court denied the motion in all respects except to the extent that defendant sought to dismiss plaintiff's cause of action sounding in trespass pursuant to CPLR 3211 (a) (5), resulting in this appeal.

The scope of review relevant to a motion to dismiss pursuant to CPLR 3211 is limited (see, Cron v Hargro Fabrics, 91 NY2d 362, 366). When examining such a motion, a court must liberally construe the pleadings in plaintiff's favor, accept the facts alleged as true, and determine whether the facts alleged fit

2. The Karner Blue Butterfly has been on the State endangered species list (see, 6 NYCRR 182.6 [a] [2]) since the 1970s, and was placed on the Federal endangered species list (see, 50 CFR part 17) in 1992.

within any cognizable legal theory (*see, id.*, at 366; *Kovach v Hinchey*, 276 AD2d 942, 944). However, "a court need not accept as true legal conclusions or factual allegations that 'are either inherently incredible or flatly contradicted by documentary evidence'" (*Ozdemir v Caithness Corp.*, 285 AD2d 961, 963; *accord, 1455 Washington Ave. Assocs. v Rose & Kiernan*, 260 AD2d 770, 771; *see also*, CPLR 3211 [a] [1]; *Maas v Cornell Univ.*, 94 NY2d 87, 91).

Turning first to plaintiff's cause of action for inverse condemnation, it must be alleged that defendant "intruded onto [plaintiff's] property and interfered with [his] property rights to such a degree that the conduct amounts to a constitutional taking" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357; *see, Reiss v Consolidated Edison Co.*, 228 AD2d 59, 61, *appeal dismissed* 89 NY2d 1085, *lv denied* 90 NY2d 807, *cert denied* 522 US 1113). "The *sine qua non* for such cause of action is that defendant's conduct must constitute a permanent physical occupation of plaintiff['s] property amounting to the exercise of dominion and control thereof [citations omitted]" (*Reiss v Consolidated Edison Co., supra*, at 61). Here, although plaintiff claims that defendant exceeded its rights under the easement by actively promoting the KBB habitat, nowhere is it alleged that these actions constitute a permanent *physical occupation* of plaintiff's land. Therefore, even giving plaintiff the benefit of every favorable inference, he has failed to set forth a cause of action for inverse condemnation sufficient to survive a motion to dismiss pursuant to CPLR 3211 (a) (7).

Furthermore, with respect to the breach of contract cause of action, plaintiff's conclusory characterization of the subject easements as contracts that were "breached" by defendant's action by exceeding the scope thereof does not state a claim for breach of contract. While presumably the easements were granted pursuant to certain underlying contracts or agreements (*see generally, Spiak v Zeglen*, 255 AD2d 754), plaintiff does not allege a breach of any such contract or agreement. Thus, even liberally construed, a breach of contract claim is not adequately stated.

Regarding the cause of action for private nuisance, we have held that a plaintiff must "sufficiently allege facts which would raise an inference that defendant's acts *substantially* interfered with plaintiff's use or enjoyment of the land" (*Dugway, Ltd. v Fizzinoglia*, 166 AD2d 836, 837 [emphasis in original]). "[I]n order to establish nuisance the inconvenience and interference complained of must not be 'fanciful, slight, or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable person'" (*id.*, at 837, quot-

ing 81 NY Jur 2d, Nuisances, § 16, at 332; *see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570; *Langan v Bellinger*, 203 AD2d 857, 857-858). Plaintiff alleges that defendant's activities in promoting and expanding the presence of the KBB habitat "has unreasonably interfered with [his] quiet use and enjoyment of the Property." The allegations are conclusory and vague and clearly do not satisfy the pleading requirements. Therefore, dismissal of that cause of action is required.

As for plaintiff's cause of action seeking a permanent injunction, this claim is deficient on its face because the complaint does not allege irreparable harm and the lack of an adequate remedy at law (*see*, 67A NY Jur 2d, Injunctions, § 153, at 332-335). Similarly inadequate is plaintiff's final cause of action alleging tortious interference with prospective contractual relationships, a claim apparently stemming from plaintiff's allegation that prospective business opportunities have been lost or limited due to concern over the presence of the KBB. Notably, aside from other deficiencies, plaintiff "failed to allege that defendant used wrongful means such as physical violence, fraud or misrepresentation, civil suits or criminal prosecutions" (*Bedell Wholesale Co. v Philip Morris, Inc.*, 272 AD2d 854; *see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-622). Accordingly, this cause of action cannot stand.

Finally, we conclude that plaintiff has insufficiently pleaded a cause of action in ejectment seeking "to recover property subject to an easement" (90 NY Jur 2d, Real Property—Possessory and Related Actions, § 304, at 184; *see*, 49 NY Jur 2d, Easements, § 230, at 358; *see generally, Heyert v Orange & Rockland Utils.*, 24 AD2d 592, *affd* 17 NY2d 352; 25 Am Jur 2d, Ejectment, § 1). Notably, "the owner of land subject to a private easement is entitled to maintain an action of ejectment to recover possession of that land subject to the easement, as against the person entitled to the easement and who is in possession of the whole property under claim of title" (*Wilson v Wightman*, 36 App Div 41, 46). Such an action is appropriate where the easement holder is denying the fee holder's seisin, or property rights, and "is intended for the trial of title" (*id.*, at 46). A judgment in the plaintiff's favor would establish that "the plaintiff [is] entitled to * * * possession of the land subject to the easement" (*id.*, at 46). Here, our review of the complaint reveals no allegation by plaintiff that defendant is claiming "title to the property" (90 NY Jur 2d, Real Property—Possessory and Related Actions, § 322, at 200). Plaintiff's conclusory allegations that defendant exceeded the scope of the easements are not tantamount to a claim that defendant is denying

plaintiff's title in fee. Accordingly, we do not find that plaintiff has stated a cause of action for ejectment.

Although our review of the record indicates that the challenged causes of action do not meet the standards set forth in CPLR 3211 (a) (7), we nevertheless note that the allegations in the complaint, particularly contained in the causes of action for inverse condemnation and breach of contract, do indicate that plaintiff may have a right of action against defendant for exceeding its "rights in the easement either in the manner or extent of its use" (49 NY Jur 2d, Easements, § 227, at 354; *see, e.g., Muehl v Niagara Mohawk Power Corp.*, 198 AD2d 692; *Alford v Niagara Mohawk Power Corp.*, 115 AD2d 924, *lv denied* 67 NY2d 607; *Joss v Niagara Mohawk Power Corp.*, 41 AD2d 596). Consequently, we deem it appropriate to grant plaintiff leave to apply for permission to replead (*see, Kings Creations v Conde Nast Publs.*, 34 AD2d 935; 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss, § 182, at 404; 6A Carmody-Wait 2d, NY Prac § 38:39, at 209-210).

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the complaint with respect to the first, second, fourth, fifth, sixth and seventh causes of action; motion granted to that extent, said causes of action dismissed and plaintiff granted leave to apply for permission to replead; and, as so modified, affirmed.